(Decided 23d February, 1870.)

## OLIVER TRUETT AND EDWARD GILL vs. JAMES LEGG.

*Effect of a Motion for a New Trial—Practice—Art. 4, sec. 20, and Art. 15, sec. 2 of the State Constitution.*

A motion for a new trial does not expire with the term of the Court at which it is made; and until it is disposed of, further proceedings in the cause are suspended.

An execution cannot issue upon the mere verdict of a jury, even after the expiration of the term at which it was rendered.

Under Article 4, section 20, and Article 15, section 2, of the present Constitution, all cases pending, undecided and undisposed of, were handed over for decision and disposition to the new Courts, and the new Judges were required to take them up and decide them in the same manner as if the old Judges had continued to act.

APPEAL from the Circuit Court for Anne Arundel County.

---

Truett and Gill *vs.* Legg.

---

The cause was argued before BARTOL, C. J., STEWART, MAULSBY, GRASON, and ALVEY, J.

*Frank. H. Stockett,* for the appellants.

*James Revell* and *Alexander Randall,* for the appellee.

STEWART, J., delivered the opinion of the Court.

This was an action of *assumpsit* brought by the appellants against the appellee. On the 24th of April, 1867, during the April term of the Court below, a verdict was rendered for the plaintiffs, but no judgment, absolute or *nisi,* was rendered or entered thereon against the defendant.

On the 26th of April, 1867, the defendant filed a motion, and reasons for a new trial, and no day appears to have been fixed for its hearing, nor rule upon the plaintiffs to show cause against it, at any prescribed time. The case thus standing, and several terms having intervened, on the 10th of March, 1868, a writ of execution was issued by order of the plaintiffs. The defendant moved on the 20th of April, 1868, to quash the same; and assigned as reasons therefor, that the execution was void, and that it could not properly issue, whilst his motion for a new trial was undisposed of. To the granting of this motion, the plaintiffs filed their objections.

At the January Term, 1869, the plaintiffs shewed cause against granting the defendant's motion for a new trial, that the defendant had not prosecuted his motion for a new trial during the term at which it was made, or the next succeeding term, and not having been continued by any order of the Court, had ceased to operate, when the execution issued, and that the Judge before whom the case was tried had gone out of office under the Constitution of 1867, and the existing Court was not competent to dispose of the motion, inasmuch as they were not the Court before which the case was tried.

The Court below ordered the execution to be quashed, and a new trial to be had.

Truett and Gill *vs.* Legg.

The plaintiffs have excepted to this ruling.

The record does not furnish any rules of the Court below regulating the practice in this particular, and we must dispose of the question involved according to our apprehension of the practice which has prevailed in this State. In the absence of any rule of the Court below upon the subject, the counsel for the appellants has referred us to authorities shewing the English practice, and that of some of our sister States, which have adopted the same practice. According to this practice, where no time is prescribed for the hearing of the motion for a new trial, it is the duty of the party making the motion to have it disposed of during the term; and if he is not ready to support it, he may move to enlarge it to a future day in the same term, or in the next, but the Court will not enlarge the rule without consent, or some evident necessity.

" If not brought on or enlarged during the term, it is of no effect unless revived, as it may be, in any future term, upon motion to revive it." 1 *Tidd's Prac.*, 502; *Kane vs. Burris*, 2 *Smedes & Mar.*, 313; *Buckner vs. Conley*, 1 *Monroe*, 3.

Such, however, has not been the course of proceeding in this State, but according to our practice the general continuance of the cause carries with it all incidental motions, unless specially ordered otherwise. The motion for a new trial will go over to the next term, upon the continuance of the cause, and at the same time will suspend the judgment, whilst it remains undisposed of.

Mr. EVANS, in his book on our practice, 418, says, at common law, the motion for a new trial suspends the judgment and all its effects until this motion is disposed of, but he does not inform us whether the motion expires with the term, and must be revived at a subsequent term if not expressly continued. He has been construed as meaning that the motion, not only operates during the term, but continues until it is decided.

Without some previous rule upon the subject, the application of a different practice to that which has prevailed with

us on this subject would operate as a surprise upon parties litigant, and therefore, under existing circumstances, it would be unjust to disturb it. When the defendant made his motion in this case and no day was fixed, he had the benefit of the whole term in which to have his motion heard, unless the Court, by special order, directed to the contrary; and the plaintiffs also had the right to move for the early hearing of the motion; but it seems both parties equally slept upon their rights, and the matter was suffered to go over by the acquiescence or implied consent of all parties.

After the verdict, the plaintiffs who had prevailed were entitled at once to have judgment *nisi causa,* and if they moved to that effect the judgment would have become final after four days, unless the defendant moved for a new trial, or in arrest of judgment, within that time, which would suspend the judgment until that motion was disposed of. But as the plaintiffs made no motion to that effect, and no judgment was in fact entered, the verdict still continued as such, and the expiration of the term could not give to it the force and effect of a judgment. *Non constat,* in the absence of such motion on the part of the plaintiffs they desired judgment to be entered on the verdict, as they might also move for a new trial, or other action, upon the verdict. The judgment rendered on the verdict is the conclusion of the law upon the facts found by the jury, and is the act of the Court, and the clerk in entering it, records it as the judgment of the Court, and has no authority to enter it without the sanction of the Court. After the judgment becomes final, and not before, execution may be issued against the defendant, but in order to charge him in execution, or bind his property, or proceed against him by action of debt, or have *scire facias* on the judgment, it is necessary that the judgment should be entered of record. 2 *Tidd's Practice,* 964, 975. The record in this case shews no such judgment, and therefore the execution was improvidently issued, and was properly quashed by the Court.

Under Article 4, section 20, and Article 15, section 2, of the Constitution, the Court below was clothed with all the

powers, possessed by its predecessor, and was authorized to dispose of the pending cause, to all intents and purposes, as if it had originated with it.

*Judgment affirmed.*

(Decided 23d February, 1870.)