Bond, Garn. *vs.* Citizens National Bank of Indianapolis.

*Judgment affirmed.*

(Decided 23rd June, 1886.)


GEORGE MORRIS BOND, Garnishee of BOND BROTHERS,
and others *vs.* THE CITIZENS' NATIONAL BANK OF
INDIANAPOLIS.

*Vacating judgment—Clerical Error or Misprision—Bill of
Exception—Appeal.*

Judgments should never be vacated for any other than substantial
causes, and to prevent injustice made plainly to appear.

The failure to enter a judgment in the original trial docket before
entry thereof in the judgment record, a record book kept for the
permanent registration of all judgments and decrees, is nothing
more than a mere clerical error or misprision, that would at once
be corrected by the Court upon application for that purpose.

The right of appeal is of no avail without the bill of exception regu-
larly settled and signed; and its preparation is in no way dependent
upon the entry of the judgment.

APPEAL from the Circuit Court for Baltimore County.

The case is stated in the opinion of the Court.

The cause was argued before ALVEY, C. J., STONE, ROB-
INSON, IRVING, RITCHIE, and BRYAN, J.

*Thomas Owings,* for the appellants.

*Richard M. Venable*, for the appellee.

ALVEY, C. J., delivered the opinion of the Court.

The appeal in this case is taken from an order of the Court below overruling a motion to strike out a judgment rendered in an attachment proceeding. The case was tried before the Court, without the assistance of a jury, on the 20th of June, 1885, and was held *sub curia* until the 25th of the same month, when verdict was rendered for the plaintiff, assessing damages, and judgment was forthwith entered thereon, and judgment of condemnation of the property seized under the attachment. In the course of the trial the defendants offered several propositions for acceptance by the Court, to govern in the determination of the case, but which propositions the Court refused to accept; and it seems to have been the purpose of the defendants to appeal from the ruling of the Court. No exception, however, was prepared and tendered to the Court during the term, and none has ever been signed by the Court. The defendants insist that the right of appeal from the judgment as entered was lost by reason of surprise to them, occasioned by the entry of the judgment in the permanent judgment record, instead of the original or trial docket of the term. It is not pretended that the judgment was procured by fraud, or by any irregularity in the proceedings, such as contemplated by the Code, Art. 75, sec. 38, but the illegality or irregularity is supposed to consist in the failure to enter the judgment in the original trial docket, before entry thereof in the judgment record,— a record book kept for the permanent registration of all judgments and decrees. After the lapse of the term, that is, on the 22d of Sept., 1885, the defendants moved to strike out the judgment, 1st, because it had been irregularly entered; 2d, because it operated a surprise to the defendants; and, 3rdly, because it was illegally entered. Afterwards, the defendants assigned additional reasons for

striking out the judgment, " for the sole purpose of permitting them to have their appeal." And in support of this last motion, affidavits of counsel were filed, as to their want of knowledge of the fact that the judgment had been entered. The Judge below caused it to be entered of record that the motion to strike out the judgment was heard, not only upon the affidavits filed, but also upon oral testimony, and which oral testimony is not set out in the record. And such being the case as presented by the record, two questions arise:

1st. Whether the judgment was legally entered; and, 2ndly, if legally entered, whether there was any such surprise in the entry thereof as to require it to be set aside in order to secure to the defendants the right of appeal.

1. As to the first of these questions, there would seem to be no substantial ground whatever for declaring the judgment to have been illegally entered. Section 16 of Article 18 of the Code directs, that the clerks shall, immediately after the expiration of each term of the Court, enter and transcribe into well-bound books, the docket entries of each civil suit or action, legal and equitable, which shall have been ended during the term, by trial, judgment, decree, agreement, *non pros*, or abatement.; and such transcript shall contain the style or names of the parties, the nature of the case, the docket entries, etc., and the judgment, decree, order or agreement by which the several actions or suits were terminated, etc. ; and the said books shall be truly and regularly paged, and alphabetically indexed with the names of plaintiffs and defendants, and the whole completed before the ensuing term. It was in the record book thus directed to be kept, and entries of all judgments and decrees to be therein made, that the judgment in question was entered, instead of the original trial docket. And seeing that it was entered in the record book intended to contain a faithful and

permanent registration of all judgments and decrees entered by the Court, it would be indulging a technical objection to the greatest extreme to hold that the judgment is illegal, or so irregular as to require it to be stricken out, because it had not first been entered in the original trial docket. Judgments should never be vacated for any other than substantial causes, and to prevent injustice made plainly to appear; and in this case, at most, the entry of the judgment was nothing more than a mere clerical error or misprision, that would at once be corrected by the Court upon application for that purpose. 1 *Com. Dig. tit. Amendment*, (*R.*) (*T.*), 604, 605. It clearly forms no ground for striking out the judgment, and depriving the plaintiff of the benefit of the condemnation of the property attached; and the Court was therefore right in overruling the motion, so far as it was founded upon the supposed illegality or irregularity in the entry of the judgment.

2. Then, as to the alleged surprise produced by the entry of the judgment in the judgment record, and failure to enter the same in the original trial docket, and the alleged consequent loss of the right of appeal from the judgment: This, as a ground for striking out the judgment, is wholly untenable. The defendants' attorney could have easily learned of the entry of the judgment by examination of the record, or by inquiry of the clerk. It does not appear that he did either; though he says he did examine the original trial docket and found no entry of the judgment. The right of appeal was of no avail to the defendants without the bill of exception regularly settled and signed; and the attempt to have that done was unduly delayed. The preparation of the bill of exception was in no way dependent upon the entry of the judgment. The exception should have been prepared and signed in anticipation of the judgment, and as preparatory to the exercise of the right of appeal; the filing of the

bill of exception not being equivalent to the entry of an appeal. *State, use of Farmers' Bank vs. Mackall*, 11 *G. & J.*, 456. What the oral testimony, used in addition to the affidavits filed, may have shown upon the subject of surprise, does not appear; but taking the case as presented by the record, we fail to discover any sufficient ground for striking out the judgment, and the ruling of the Court below must therefore be affirmed.

*Judgment affirmed.*

(Decided 23rd June, 1886.)