PALATINE INSURANCE COMPANY *vs.* KATHER-
INE T. O'BRIEN—KATHERINE T. O'BRIEN *vs.*
PALATINE INSURANCE COMPANY.

*Insurance of Rents Against Loss by Fire—Construction of*
*Policy—Delay in Rebuilding Caused by Obstructions in*
*Streets—Effect of Plea of Tender and Payment*
*into Court—Estoppel.*

A policy insuring a landlord against loss of rents from the de-
struction of the demised property by fire, provided that the
assured should rebuild in as short a time as the nature of the
case would admit; that the loss should be computed from the
time of the fire and cease upon the premises again becoming
tenantable, and that in case the assured should elect not to
rebuild, then the loss of rents should be determined by the
time which would have been required for such other purpose.
Also, that the company should not be liable for loss occasioned
by ordinance or law regulating the construction or repair of
buildings, or by interruption of business, manufacturing proc-
esses or otherwise.  The buildings, whose rents were insured,
were destroyed in a general conflagration, and delays in re-
building were caused by the action of the municipal authori-
ties in refusing permits to rebuild until certain street improve-
ments were determined upon, and also on account of a delay
occasioned by the condition of the streets in the vicinity,
which were obstructed with the debris of other buildings.  It
was held upon former appeal that the insured could not re-
cover for loss of rents during the time the rebuilding was pre-
vented by the action of the municipality in refusing permits.
*Held*, upon this appeal, that the assured is also not entitled
to recover for loss of rents during the period of a delay in
rebuilding caused by the obstruction of the neighboring streets
as a result of the general conflagration.

In a suit on a policy insuring a landlord to a certain amount
against loss of rents by fire, from the day of the fire until the

time the building could be restored by the landlord by the exercise of reasonable diligence, the defendant company tendered by plea the amount of rent accruing for a certain period after the fire, alleged to be a reasonable time for rebuilding, and paid the same in Court. At the trial of the action, the defendant offered a prayer instructing the jury that the plaintiff could recover only nominal damages because there was no evidence of the amount of rents actually lost by the plaintiff on account of the destruction of the building. *Held,* that this prayer was properly refused, because under the policy the plaintiff was obliged to take immediate possession of the premises for the purpose of rebuilding, thus putting an end to the obligation of the tenant to pay rent, and it will be presumed, in the absence of evidence to the contrary, that such possession was taken; and also because, by its payment into Court, under its plea of tender, the company is precluded from alleging that the plaintiff had lost no rent.

When in an action on a contract—in this case on a fire insurance policy—the defendant files a plea of tender and pays into Court the sum of money tendered, he is estopped afterwards to allege that nothing was due to the plaintiff under the contract, and such tender operates as an admission that the amount paid into Court was due.

*Decided December 2, 1908.*

Appeal from the Superior Court of Baltimore City (ELLIOTT, J.)

*Plaintiff's 1st Prayer.*—That the proper measure of damages in this case is the actual loss of such rents, if any, from the property described in the evidence that they shall find the plaintiff has sustained, not exceeding the sum insured, from the date of the fire until such time as the premises could be restored or rebuilt as promptly as the nature of the case would admit; with interest on such rents after 60 days from the time proofs of loss were submitted to the defendant, if they so find such proofs of loss to have been submitted, provided the sum found shall be in excess of the amount paid into Court in this case, to wit, $1,150.00. (Refused.)

*Plaintiff's 2nd Prayer.*—That the proper measure of damages in this case is the actual loss of such rents, if any, from the property described in the evidence that they shall find the plaintiff has sustained, not exceeding the sum insured, from the date of the fire until such time as the premises could be restored or rebuilt as promptly as the nature of the case would admit, with interest on such rents after 60 days from the time proofs of loss were submitted to the defendant, if they so find such proofs of loss to have been submitted; provided the sum found shall be in excess of the amount paid into Court in this case, to wit, $1,150; but the refusal of the city authorities to allow the plaintiff to rebuild for a certain time, as set out in the evidence, if they find such refusal, is not a circumstance proper to be considered in arriving at such loss of rent. (*Refused.*)

*Plaintiff's 3rd Prayer.*—That there is no evidence in this case of any arbitration and award, and no consideration shall be given to the arbitration and award set aside and declared void by the United States Circuit Court. (*Conceded.*)

*Plaintiff's 4th Prayer.*—That if the jury find for the plaintiff in excess of the sum of $1,150 paid into Court in this cause, they are to allow interest on the sum so found from sixty days after proofs of loss were submitted to the date of this trial, if they find such proof of loss to have been submitted. (*Refused.*)

*Defendant's 1st Prayer.*—That there has been offered in these actions no legally sufficient evidence of the amount, if any, of rents actually lost by the plaintiff by reason of the destruction by fire of the buildings mentioned in the evidence, and therefore, under the pleadings and the evidence in these actions, the plaintiff can only recover nominal damages. (*Refused.*)

*Defendant's 2nd Prayer.*—That the alleged action or nonaction of the Baltimore City authorities with regard to establishing grades and building lines on German Street between Charles and Light Streets, and the alleged refusal of the Building Inspector to issue permits for the erection of build-

ings at the place in question, are not, under the terms of the
policies offered in evidence in these cases, to be considered
by the jury in arriving at their verdict, and the delays, if
any, that were caused by the same or any of them do not en-
title the plaintiff to recover under the pleadings and evidence
in these cases the amount, if any, of rents for the time cov-
erd by such delays.   (*Granted.*)

*Defendant's 3rd Prayer.*—That under the terms of the
policies offered in evidence the plaintiff is not entitled to re-
cover for any loss or damage by fire, other than direct loss
or damage by fire to the property in said policies described.
And therefore under the pleadings and evidence in these
cases, the plaintiff is not entitled to recover the amount of
alleged rents of the plaintiff's premises in question for the
time of alleged delays in rebuilding caused by other reasons
than the destruction by fire of the buildings on her said
premises, even though the jury shall find that such de-
lays, if any, were due to the obstruction of the neighbouring
streets, alleys and ground as a result of the destruction by
fire of buildings and property belonging to persons other than
plaintiff, and that the fire that destroyed such buildings on
the property of others, as well as those of the plaintiff, was
part of a general conflagration that swept over a large por-
tion of the City of Baltimore.   (*Granted.*)

The trial Court of its own motion gave the following
instruction:

The jury are instructed if they find for the plaintiff in the
two cases submitted to them, they may find for such an
amount as would be the rent accruing for the time, if any,
which they shall find would have been required to restore the
premises to the condition in which they were at the time of
the fire; but they are not to consider any loss of rent during
the delay caused by the city, due to rebuilding in the burnt
district, as shown by the evidence.

The cause was submitted to the Court on briefs by:

*John J. Donaldson* and *Daniel H. Hayne,* for the Palatine Insurance Company.

*Hyland P. Stewart,* for Katherine T. O'Brien.

PEARCE, J., delivered the opinion of the Court.

This is the second time these cases have been before this Court, being argued at the October Term, 1907, and decided January 8th, 1908, the opinion being reported in 107 Md. 341. They are two actions of assumpsit brought by Katherine T. O'Brien against The Palatine Insurance Company, an English corporation, upon two separate policies insuring certain rents issuing out of premises belonging to and leased by Mrs. O'Brien. The buildings upon these premises were destroyed by fire on February 7th, 1904, when a large part of the City of Baltimore was swept by the great conflagration of that date and the day following. The rents payable at the time of the fire by the lessees of these premises were $230 per month from the property described in one of these policies, and $85 per month from that described in the other policy, and the policies were identical in their terms and provisions, except that in the first policy mentioned above, the risk was limited to $1,800, and in the last mentioned to $1,040. The plaintiff claimed to recover under each the full amount insured. The defendant pleaded the two general issue pleas in assumpsit, and two special pleas, one of which set up an arbitration and award, but this award was declared void by a decree of the Circuit Court of the United States for the District of Maryland, and the defendant Insurance Company was enjoined from setting it up in any action on these policies. In the former appeal, a prayer granted by the lower Court taking from the jury the consideration of this award was held to be properly granted, and that question is not involved in this appeal.

In the other special plea, in the first case, the defendant alleged, "that since the date of said award, it has always been, and now is, and so tenders itself, ready and willing to pay

said plaintiff such sum as, but for the destruction of said building by fire, would have been payable to said plaintiff by her tenants of said building; that the amount of said rents so as aforesaid for the period of three months (that being the period by the award determined to be a reasonable time for rebuilding) and for the months of February and March was, and is, the sum of $1,150, which, together with legal interest thereon from the date of each instalment of rent to the day of filing these pleas and the plaintiff's costs accrued to said last-mentioned date, now tenders to the plaintiff, and pays here into Court in full satisfaction and discharge of plaintiff's alleged cause of action."

There was a similar plea in the second case, except that the sum paid into Court thereunder was $425.00, and in each case the plaintiff replied to the plea mentioned, that the sum paid into Court was not sufficient to satisfy her claim in respect of the matters to which the plea was pleaded, and issue was joined on this replication.

Those trials resulted in a verdict for plaintiff, in one case of $2,088, and in the other for $1,206.40, and from the judgments entered thereon the former appeals were taken. There was only one exception in each appeal to the ruling on the prayers, and both judgments were reversed on appeal.

These policies contained the following provisions:

"The assured agrees to rebuild in as short a time as the nature of the case will admit. Loss to be computed from the time of the fire and to cease upon the premises again becoming tenantable. And in case the assured shall elect not to rebuild or repair, then the loss of rents shall be determined by the time which would have been required for such other purposes." * * * "But there can be no abandonment to this Company."

"This company shall not be liable beyond the actual value destroyed by fire, for loss occasioned by ordinance or law regulating construction or repair of buildings, or by interruption of business, manufacturing processes, *or otherwise.*"

The plaintiff did not rebuild the same character of buildings as were destroyed by the fire. These were distinct buildings, described in the respective policies. In rebuilding she erected one building covering the site of the two previous buildings.

After the fire of February 7th and 8th, certain ordinances were passed for the improvement of the City in the burnt district. The lines of the streets and of the property holders were obliterated by the great fire. Surveys were necessary to re-establish these lines, and new grades of the streets were authorized and directed. Until these matters were determined, building permits could not be obtained, and the plaintiff, with alleged due diligence, did not, and could not, obtain her permit to rebuild until December 20th, 1904. The main question involved in the former appeal was whether the delay in obtaining this permit prevented the plaintiff's recovery for the period covered by that delay. The lower Court held that delay was a circumstance proper to be considered by the jury in determining the loss of rent, but this Court, on appeal, held that loss of rent occasioned by the action of the City authorities in delaying rebuilding was forbidden by the clause of the policy we have transcribed, and we cannot hesitate to reaffirm this.

Upon the second trial of these two cases, verdicts were rendered in each case for the exact amount paid into Court in each case, and from the judgments entered on these verdicts both parties have appealed, so that there are four appeals embraced in the record, and, as on the former appeals, the only exception in each case is to the ruling on the prayers. At these second trials no witnesses were examined, but by agreement the stenographer's notes of the first trial were read to the jury, and all the exhibits offered in evidence at the first trial were again offered and admitted. The bill of exceptions in the present appeals is identical with that in the former appeals, word for word, and it covers thirty-five pages of the record in the present appeals. These thirty-five pages might, and

should have, been saved by agreement to refer for them to the former record. Counsel for Mrs. O'Brien, in his brief, states that this was inserted "at the request of the Insurance Company, and against the protest of the plaintiff below," and this statement was not contradicted in the brief for the Insurance Company.

Judge Burke's opinion in the former appeals very clearly disposed of all the questions sought to be raised in the present appeals, except two, namely, first, the effect of the payment into Court by the defendant, and, second, whether the plaintiff could recover for loss of rents accruing during delay in building caused by the obstruction of the streets in the burnt district, apart from the inability to procure a permit to build. These questions will be considered in their reverse order. It was expressly and explicitly decided in the former case, that the loss of rent occasioned by the action of the City authorities in delaying the rebuilding of the premises could not be recovered under these policies. Counsel for Mrs. O'Brien, however, contend that there is a distinction between delays caused by the City in withholding permits to build, and the delays caused by general conditions of the streets being blocked by the debris of the fire throughout the whole burnt district, and this question is raised by the plaintiff's 1st and 2nd prayers and the defendant's 3rd prayer, these prayers of the plaintiff being refused, and the defendant's 3rd prayer being granted. These prayers, with the other granted and refused prayers will be set out by the Reporter.

Referring to the policies of insurance, it will be seen that they provide that "the assured agrees to rebuild in as short a time *as the nature of the case will admit*," and it is upon that language that the plaintiff's 1st and 2nd prayers are predicated. If this were all, the plaintiff's contention might be sustained. But the policies also, after providing that the Company shall not be liable for loss caused directly or indirectly by order of any civil authority  *   *   *   nor for loss occasioned by ordinance or law regulating construction or

repair of buildings, *also provides that it shall not* be liable *for loss occasioned "by interruption of business, manufacturing processes or otherwise."* The fall of debris in the streets was what occasioned "the interruption of business" in this case, so far as it affected building operations, and this cause of delay is as clear a bar to recovery as was the ordinance delaying the granting of permits to rebuild. We therefore must hold that the plaintiff's 1st and 2nd prayers were properly refused, and the defendant's 3rd prayer properly granted in each of the cases.

The defendant's second prayer was correctly granted and the plaintiff's third prayer was conceded and these require no further notice.

The defendant's first prayer raises the important question in this case, and goes to the right of recovery. It asserts that no legally sufficient evidence of the amount, if any, of rents actually lost by the plaintiff by reason of the fire, has been offered, and therefore, under the pleadings and evidence, the plaintiff can only recover nominal damages. This prayer was correctly refused for two reasons:

1st. Because in considering the Insurance Company's first prayer in the former appeal, which asserted the same legal principle as the defendant's first prayer in this appeal, it was held that Mrs. O'Brien was obliged under the terms of her two policies to take *immediate* possession of the property for the purpose of rebuilding or repairing; that there was no evidence she did not do so; and that in the absence of such evidence, the presumption is she discharged that obligation, and further that there was no evidence to rebut this presumption.

2nd. Because, by paying into Court the two sums paid in under the two policies in these cases, the defendant has precluded itself from saying that no rent is due under said policies.

The leading case upon this question is *Cox* v. *Parry,* 1 Term Rep. 464, decided in 1786. That was an action upon a policy of insurance, and the pleas were the general issue,

and payment of money into Court.   The policy was made in the name of DeSimons, but the suit was by Cox, as executor of Shultz, who was the owner of some of the articles insured, and it was alleged that it was directed and intended by all parties, that the policy should be so framed as to secure both DeSimons and Shultz.   The Court said:

"The great question is whether the defendant has not, by paying money into Court, precluded himself from making the objection that, under the Statute 25 Geo. 3, the policy could not be applied to any goods except those of DeSimons. Therefore it will be necessary to see what effect paying money into Court has in the cause.   It admits that the plaintiffs have a right to maintain the action, and reduces the question simply to the question of damages which they are entitled to recover.   *   *   *   As the defendant has paid money into Court, he has thereby admitted that the plaintiffs are entitled to maintain the action on their policy *to the amount of that sum.*   But he has admitted nothing more.   He does not, by paying money into Court, vary the construction and import of the policy, *so as to entitle the plaintiffs to recover beyond that extent.*"

This case was approved in *Watkins* v. *Towers,* 2 Term Rep. 275, where payment of money into Court was held to dispense with proof of execution of deed on which the suit was brought.

It was again approved in *Gutteridge* v. *Smith,* 2 Henry Bl. 374, decided in 1794.   The action was on a bill of exchange by the payee against the drawer, and payment into Court was pleaded.   There was a non-suit because the plaintiff was not prepared to prove the drawer's signature, but under a rule to show cause why the non-suit should not be set aside, the rule was made absolute.   LORD CHIEF JUSTICE EYRE said: "Payment into Court of 5£ on a 20£ note would have same effect as payment of that amount before suit brought and would afford a just inference of the existence of the debt." And in the same case JUSTICE ROOKE said, that "on a policy

where the plaintiff goes for a total loss, while it admits the
policy itself, yet it does not admit that defendant is liable for
more than the amount paid in."

In *Jenkins* v. *Tucker,* 1 Henry Bl. 90, the question was
whether defendant could demur after payment of money into
Court, and LORD LOUGHBOROUGH went so far as to say: "This
demurrer strikes me as being extremely absurd, since by pay-
ment of money into Court the defendant admits a cause of
action."

In *Bennett* v. *Francis,* 2 Bos. & Pul. 550, the earlier cases
were reviewed by LORD CHIEF JUSTICE ALVANLEY at length,
and the doctrine established by them was maintained.

The American cases are to the same effect.

In *Enc. Pl. & Pr.,* Vol. 21, p. 584, it said that where the
plea of tender is treated as an admission that the amount
tendered is due, the adverse party is entitled to recover that
amount, *without proof on his part.* But a plea of tender of
a sum smaller than that claimed by plaintiff does not pre-
clude resisting demand for a greater sum, or from making
any defense consistent with the admission of the cause of ac-
tion."

In *Wood* v. *Parry,* 1 Barbour, 129, the Court said: "When-
ever tender is made and insisted on in the pleadings, the cred-
itor is at least entitled to that amount. The rule is founded
in good sense. Where the debtor admits a certain amount to
be due, it is not a point at issue between the parties, and the
creditor is not required to establish it by proof."

In *Eaton* v. *Wells,* 82 N. Y. 576, there was a tender of
$2,568, which was a few cents less than the amount due that
day on the mortgage, and CHIEF JUDGE FOLGER said: "There
was no issue of fact for trial. The pleadings contain the
facts."

In *Foster* v. *Napier,* 74 Ala. 393, the Court said: "Since
a plea of tender admits that the amount tendered is due, the
plaintiff is entitled to that amount *at all events, whatever may*

*be the result of the action;* nor does his refusal to accept that sum, affect his right to recover that sum."

In harmony with the cases cited is the case of *McCullough* v. *Hellweg,* 66 Md. 276, in which this Court said: "In an action *ex contractu,* the defendant may tender the amount he believes to be due, and the tender *operates as an estoppel,* so that he cannot subsequently deny that the amount tendered is due."

The jury found for the plaintiff for the exact sum paid in each case, consequently it is unnecessary to consider the refusal of the plaintiff's fourth prayer in each case, which asked that interest be allowed on the amount found, after sixty days from submission of proofs of loss—if the sum found should exceed the amount paid in. For the reasons stated the judgment appealed from in each case will be affirmed. The costs below were properly taxed against the plaintiff under Sec. 21 of Art. 75 of the Code, but the costs of these appeals should be paid by the defendant.

> *Judgment affirmed, costs below to be paid by Katherine T. O'Brien; costs on appeals to be paid by the Palatine Insurance Company.*