## SUPERIOR COURT OF BALTIMORE CITY.

Filed October 8, 1910.

STATE, USE OF GREGORI,
VS.
WILLIAM L. ELMER, ET AL., TRADING AS LEWIS ELMER & SONS, AND M. L. OCHS.

*W. W. Varney* for plaintiff.

*A. P. Shanklin* and *Walter L. Clark* for defendant.

HARLAN, J.—

This case was tried in this court before the late Judge Phelps and a jury. The case having been taken from the jury as to all of the defendants except Ochs, a verdict was rendered against him on November 15th, 1906, a judgment nisi entered thereon, and a motion for a new trial filed on behalf of Ochs, on November 17th, 1906.

This motion prevented the judgment nisi from being made absolute. No

steps were taken by either party to have the motion for a new trial heard until lately. Meantime Judge Phelps was retired from office by the Act of 1908, Chapter 323, and was succeeded by Judge Heuisler. Several judges have presided in the Superior Court since the retirement of Judge Phelps, who subsequently died, and now comes the plaintiff, and having obtained an order setting the motion for a new trial down for hearing, the same comes before me in due course.

At the hearing the two questions discussed before me were, first, as to my right or the right of any judge now to hear and determine the motion for a new trial on the merits under the circumstances as stated, and second, if no judge can now hear the motion on its merits, what is the legal effect of the situation created by this inability?

The motion for a new trial suspended further proceedings in the case until disposed of. Either party had the right to have the motion heard. Truett vs. Legg, 32 Md. 147. Where both parties seem equally to have slept upon their rights, the matter may be treated as "suffered to go over by the acquiescence and implied consent of both parties." Truett vs. Legg, 32 Md. 147.

There is no doubt authority for the contention that where pending a motion for a new trial, a Judge dies or goes out of office his successor has power to hear and determine the motion. L. & L. Ins. Co. vs. Wilson, 8 Peters 303; 14 Amer. & Eng. Enc., Pleading & Practice, 856-7; 2 Post (Alabama) 182; 50 Nebraska 140, but the Act of 1870, Chapter 177, provides that "The judge before whom any case may hereafter be tried in either the Baltimore City Court, the Superior Court of Baltimore City, or in the Court of Common Pleas, shall have exclusive jurisdiction to hear and determine, and the said judge shall hear and determine all motions for a new trial, where such motions arise either on questions of fact or for misdirection upon any matters of law, and all motions in arrest of judgment or upon any matters of law determined by the said judge, and all such motions shall be heard and determined within thirty days after they are made," and in the face of this statute I am constrained, as to the first question, to hold that at the present time there is no judge who is competent to hear this motion for a new trial on its merits. What is the legal effect of the situation thus created? All further proceedings being suspended until the motion is disposed of, the plaintiff cannot have a judgment entered, and neither the plaintiff nor the defendant can have the motion for a new trial heard on the merits. It would seem to follow that the only way in which justice can be done is that the motion for a new trial should be granted irrespective of the merits. Authority for this action, I think, exists in the case of State vs. Weiskittle, 61 Md. 48; Preston vs. McCann, 7 Md. 30; Ramsay vs. United Railways Co., No. 357 on the trial docket in the Court of Common Pleas in 1901.

Motion for a new trial granted.