RICHARD H. HODGSON *v.* MARY A. PHIPPIN ET AL.
[No. 40, January Term, 1930.]

98

*Decided May 1st, 1930.*

The cause was argued before BOND, C. J., URNER, ADKINS, DIGGES, PARKE, and SLOAN, JJ.

*F. W. C. Webb,* with whom were *Carroll E. Bounds* and *Staton & Whaley* on the brief, for the appellant.

*F. Leonard Wailes,* with whom were *Wailes & Robins* on the brief, for the appellees.

BOND, C. J., delivered the opinion of the Court.

The principal question is that of the meaning and effect of a tender and payment into court of part of an amount sued for, "in full satisfaction of the plaintiff's demand." Did those words constitute merely a statement of the defendant's

contention that this was the full amount due, and leave the plaintiffs free to withdraw the amount without affecting the remainder of their demand, or did the words, on the contrary, impose a condition that the amount tendered and paid in be accepted and withdrawn only in satisfaction of the whole demand? A verdict was rendered for the plaintiffs for the whole demand, and a subsequent allowance of interest on the admitted and tendered portion for the period between the verdict and final judgment on it is objected to by the defendant on the ground that the admitted portion was in effect paid to the plaintiffs by the earlier payment into court. This court, concurring in the conclusion of the trial court, is of opinion that the tender and payment into court were conditional, did not amount to a payment to the plaintiffs, and were without effect on the right to interest on the whole amount recovered.

The suit was at law, for money received by the defendant for the plaintiffs, and the defendant, on August 20th, 1928, pleaded the tender and paid into court the amount of $6,301.98, in the manner and form stated, and filed a plea of set-off for $1,250, which equalled the remainder of the plaintiffs' demand. The suit therefore resolved itself into a contest on the plea of set-off. Verdict was rendered for the plaintiffs on October 16th, 1928, for the total amount of $7,551.98, and a judgment *nisi* was duly entered on the same day. A motion for a new trial, and a motion for a hearing before the court *in banc* on the questions raised by the motion for a new trial, deferred the entry of final judgment until August 30th, 1929, when the latter was overruled. And, under the direction of the court, that final judgment was made to include interest on the full sum of $7,551.98 from the date of the verdict, October 16th, 1928.

The ordinary understanding of a tender of a portion of an amount claimed in full satisfaction of the whole seems to be that it constitutes a conditional offer, that acceptance of the money involves acceptance of the condition, and results in an accord and satisfaction of the whole claim, discharging the unpaid portion. *Hunt, Tender,* sec. 240. And this court

has held that acceptance of such a tender has that result even though the claimant protests that he does not accept the terms attached, but takes the money only in part payment. *Schaffenacker v. Hoopes,* 113 Md. 111, 117. A subsequent payment into court in full satisfaction of the demand can have no different meaning and effect; the payment into court is only keeping the tender good. And the same meaning and effect are recognized in the statute concerning tender and payment into court. Code, art. 75, sec. 25. It provides only two alternatives for the plaintiff. He may reply "by accepting the sum so paid into court in full satisfaction and discharge of the cause of action," whereupon he is to have his costs taxed or take judgment for his costs; or, he may deny the sufficiency of the sum paid in, and then there is to be a trial on the issue thus raised, and if the verdict on the remainder of his claim is against him, he "shall be entitled to so much of the sum paid into court as shall be found for him," apparently contemplating that his denial of the sufficiency of the amount paid in must result in its being held awaiting the final verdict. In *Gamble v. Sentman,* 68 Md. 71, 76, the court, referring to this statute, said: "The concluding paragraph * * * plainly indicates that where the plaintiff replies that the money paid in is not enough to satisfy his claim, it is the duty of the court to hold on to the money until the issue on that application is decided." This being true, the payment into court could not be construed as equivalent to a payment to the plaintiffs. The defendant argues that at least it has been paid out of his ownership and control (*Palatine Ins. Co. v. O'Brien,* 107 Md. 341, 352, and 109 Md. 100, 111), but by paying it out with the condition attached he has kept the plaintiffs out of this part of the money found due them as effectually as if he had denied any liability for it, and interest continued payable because the principal amount was not paid to the creditors.

The defendant further contends that the legal effect of the entry of the judgment *nisi* on the day of the verdict was to settle the rights of the parties and to place the tendered sum at the disposal of the plaintiffs unconditionally at that

time, even if it was not so placed at their disposal earlier. But the judgment *nisi* had no more effect on the rights of the parties than the verdict had. It was only a rule or order for the entry of an effective judgment in the future in the absence of intervening proceedings. 2 *Poe, Pl. & Pr.*, sec. 352A; *Truett v. Legg,* 32 Md. 150.

The statutory provision, Code, art. 26, sec. 16, that "all judgments on verdict shall carry interest from the date of the rendition of such verdict," answers objections that the final judgment can contain no more than the terms of the verdict and the judgment *nisi,* and that a litigant should not be penalized for delay from motions made in honest assertions of what he conceives to be his rights. The statute refers to final judgments, those entered after an interval in which interest may accrue, and it leaves no room for discrimination between causes of delay in entering judgment.

*Order affirmed, with costs to appellees.*