WHITE TRANSPORTATION COMPANY *v.*
MICHELIN TIRE COMPANY.

[No. 30, April Term, 1932.]

*Decided June 21st, 1932*

The cause was argued before BOND, C. J., URNER, ADKINS, OFFUTT, DIGGES, PARKE, and SLOAN, JJ.

*William J. Ogden* and *William Mellin Ballou,* for the appellant.

*W. Frank Every,* with whom was *J. Purdon Wright* on the brief, for the appellee.

BOND, C. J., delivered the opinion of the Court.

A carrier appeals from a judgment against it in a suit in *assumpsit,* for damages from loss of automobile tires and tubes being returned by a dealer in Hagerstown to the owner, the Michelin Tire Company. The goods were ordered delivered in Washington, D. C., but, as the Michelin Tire Company's place of business there was being closed up, and delivery at that place might be found impracticable, directions were given for an alternative delivery. The place at Washington was closed, confusion arose in the attempt to make an alternative delivery, and the goods were delivered in Baltimore to H. S. Walter, another dealer in Michelin tires and tubes, who mingled these with his other stock, and sold some of them. The jury found this to be a misdelivery by the carrier, and a breach of its contract. When the Michelin Company, failing to receive the goods, made inquiry and demanded that the carrier make good their value, Walter, the actual recipient of them, offered to return part of the identical goods, and to substitute others of equal value for those which he could not return, and that offer was refused by the Michelin Company.

The argument on the appeal has taken a somewhat broader scope than that of the questions brought up for review. Only

two questions are presented. The first is upon an exception to the exclusion during the trial of a question asked of Walter whether the tires he had offered in substitution were of equal quality with those he had sold. He had already stated in effect that they were, and the question is largely one for repetition. He had stated that what he had offered was "to substitute a dollar and cent value" in merchandise on hand, and in the next question counsel for the appellant repeated: "You say that the substitution was equivalent in dollars and cents, what do you mean by that?" Then, after discussion, the excluded question was asked: "Were the tires that you offered in substitution for the ones you had sold of equal quality in every respect?" If the question sought anything more than had already been given to the jury by the witness, it could have been only very little, and not enough to justify a reversal of the judgment and a new trial to bring it in. But the question was also properly excluded because it was irrelevant. The plaintiff could not have been required to accept substituted goods for those which could not be returned, and therefore no issue of the quality of possible substitutes could be raised. Given a breach of the contract of carriage, the plaintiff was entitled to money compensation for any goods lost by misdelivery. 1 *Sedgwick, Damages,* secs. 2 and 4; 3 *Sedgwick,* secs. 844 and 853; *Balto. & O. R. Co. v. Pumphrey,* 59 Md. 390, 400; *Balto., C. & A. Ry. Co. v. Sperber,* 117 Md. 595, 606, 84 A. 72; *New York & B. Transp. Line v. Baer,* 118 Md. 73, 88, 84 A. 251; *Colby v. Reed,* 99 U. S. 560, 566, 25 L. Ed. 484.

The second question is raised by a motion for a new trial filed after judgment. Before the judgment, a motion for a new trial had been filed in regular course, and had been overruled; and final judgment upon the verdict had then been duly entered. Eighteen days later, at the same term of court, the defendant filed the second motion, or petition, seeking a new trial on the ground of newly discovered evidence tending to show that the values which had been allowed the plaintiff in estimating the damages for loss of the goods had been retail values, and that the wholesale values, to which the

plaintiff was entitled at most, were much lower. Affidavits to show these offered facts were attached to the application, and witnesses to testify to them in open court were present when the motion came up for hearing. The plaintiff responded with a motion that the application for a new trial be not received, and the court granted this last motion and refused to consider the application or the evidence offered in its support. The appellant attacks this action as a refusal to receive evidence which it was entitled to have considered in action upon a motion before the court. *Wash., B. & A. Ry. Co. v. Kimmey,* 141 Md. 243, 118 A. 648. But it was a refusal to receive and act upon the motion. And, the motion not being received at all, the court did not come to the question of considering evidence offered in its support. The court acted rightly. Regarding the motion as one for a new trial, it could not be considered, because it came too late. The proper time for a motion for a new trial is between the rendering of the verdict and the entry of judgment. *Truett v. Legg,* 32 Md. 147; *Philpot v. Page,* 4 Barn. & Cres. 16; 2 *Poe, Pl. & Pr.,* sec. 349. And if it may be considered as a motion to strike out the judgment, then the application was properly refused for lack of sufficient ground in any error in referring to the wrong values for the measure of damages. The precise facts fixing the legal measure of damages should be brought out on one trial. Ordinarily, the preparation for trial, and the examination and cross-examination of witnesses, must, and do, suffice to bring the inquiry down to those facts, and we see no reason why two trials should be necessary in this instance. What the appellant seeks now seems to be relief from a consequence of incomplete investigation of essential facts at the trial already had. "It is incident to every common law complaint of injury and damage that the existence of injury and right to compensation and the amount of the damage alleged to have been sustained are tried and decided in one proceeding and upon one trial." *East & West India Docks v. Gattke,* 3 Macn. & G. 155, 169.

*Judgment affirmed, with costs.*