LUCKE *v.* COMMISSIONER OF PERSONNEL, STATE OF MARYLAND, ET AL.

[No. 194, September Term, 1966.]

*Decided April 7, 1967.*

*Motion for reargument filed on April 17, 1967, denied on May 1, 1967.*

The cause was argued before HAMMOND, C. J., and HORNEY, OPPENHEIMER, BARNES and McWILLIAMS, JJ.

*Leonard J. Kerpelman* for appellant.

*John W. Sause, Jr., Special Attorney,* with whom were *Francis B. Burch, Attorney General* and *Franklin Goldstein, Assistant Attorney General,* on the brief, for appellees.

PER CURIAM.

The appellant, Joseph F. Lucke, was suspended from his position in the Clerk's Office of the Municipal Court of Baltimore City on July 17, 1964, pending a hearing on formal charges filed with the Commissioner of Personnel under the Merit System Law, Code (1957), Article 64A. The Commissioner, in a written decision, found that Lucke had written and sent various anonymous communications to the Chief Judge of the Municipal Court, and that their nature warranted the appellant's dismissal from State service. The appellant appealed to the Balti-

more City Court pursuant to the Administrative Procedure Act, Code (1965 Repl. Vol.), Art. 41, sec. 255. The court (Cullen, J.) remanded the case for further hearing because the appellant's new counsel was unfamiliar with the facts and the appellant himself was not present to testify.

The Commissioner of Personnel entered a "Supplemental Order" on June 29, 1965, again finding that Lucke was the author of the anonymous communications referred to in the charges and directing that his services be terminated effective on the date of his suspension. A second appeal to the Baltimore City Court followed from this order of the Commissioner. After full argument, the court (Foster, J.) on March 29, 1966, filed a memorandum opinion carefully considering and rejecting each of the appellant's contentions. The opinion concluded:

> "The appellant, having failed to convince the Court that there was any prejudicial error in the proceedings before the Commissioner of Personnel, or that any of appellant's rights had been violated, and there admittedly being substantial evidence before the Commissioner on which to base his decision, *the Commissioner of Personnel is hereby affirmed.*
>
> /s/ Dulany Foster,
> Judge

*March 29, 1966*" (Emphasis supplied).

Counsel for the appellant admitted, before this Court, that, having represented the appellant in his second appeal to the Baltimore City Court, a copy of the lower court's memorandum and order was received by him. The appeal to this Court was entered on May 2, 1966, *more than 30 days after* the date of the March 29, 1966, order of the Baltimore City Court. We agree with the appellee that the appeal must be dismissed because it was filed beyond the period permitted by Maryland Rule 812. See also Code (1957), Art. 41, sec. 256.

There could be no doubt that the appeal was filed too late, but for the docket entries made by the clerk of the Baltimore City Court:

> "3/29/66, The decision of The Commissioner of Personnel is hereby affirmed. Memorandum Opinion and

Order of The Court (Judge Dulaney [sic] Foster) filed.

"3/29/66, Judgment nisi in favor of appellees (defendants).

"4/1/66, Judgment made absolute in favor of the appellees (defendant), for costs of suit."

The appellant claims that he had a right to rely on these docket entries, and it is true that were "4/1/66" taken as the date of the judgment appealed from, the appeal to this Court was timely filed.[1] We hold, however, that the entry of a judgment nisi in favor of the appellees was erroneous, and under the circumstances presented here, the appellant was not privileged to rely on the erroneous state of the docket.

(1)

The principal purpose of the entry of a judgment nisi is to enable an aggrieved party to file a motion for a new trial in cases tried on the facts by the court. *Merlands Club, Inc. v. Messall,* 238 Md. 359, 208 A. 2d 687 (1965). Proceedings under the Administrative Procedure Act, however, do not include provision for a new trial. Instead, the reviewing court—in this instance, the Baltimore City Court—is given broad discretion to order the taking of new evidence in open court or before the agency, or where justice requires, to remand the case for further proceedings. Art. 41, sec. 255(e). Through the medium of this intermediate appeal, the aggrieved party is given a complete opportunity to "show cause" why an administrative judgment should not be entered. Cf. *Hodgson v. Phippin,* 159 Md. 97, 150 Atl. 118 (1930). Indeed, Judge Cullen on the appellant's first appeal, remanded the case to the agency so that further testimony could be taken and the matter further considered. Maryland Rule 564 b, relating to the entry of judgment nisi, does not apply to proceedings under the Administrative Procedure Act, Art. 41, Ch. 24, (sections 244-256). The judgment nisi was entered in error. The judgment of the Baltimore City Court on March 29, 1966, affirming the Commissioner of Personnel, was a final judgment, immediately appealable "in the

---

1. May 1, 1966 fell on a Sunday.

manner provided by law for appeals from law courts in other civil cases." Art. 41, sec. 256.

## (2)

The fact that the docket contained the erroneous entry of a judgment nisi cannot, as a matter of law, extend the appellant's time for filing an appeal. In *Baltimore Luggage Co. v. Ligon*, 208 Md. 406, 118 A. 2d 665 (1955), the case which led to the revision of the rules relating to the entry of judgments nisi, the trial court led counsel to believe that he would enter a judgment nisi on the jury's special verdict, but, without informing either counsel, directed the clerk to enter a final judgment. Under the provisions of the then existing Maryland Rule, a judgment nisi, if entered, would have been legally improper under the facts of that case. It was held that the parties could not, as a matter of law, rely entirely on the judge's indicated purpose, but were charged with knowledge that the entry of a judgment nisi had "no place" in the case and that a final judgment was, in fact, entered on the court records.

While *Baltimore Luggage* presages our holding in the case before us, the decision in *Bond v. Citizens National Bank*, 65 Md. 498, 4 Atl. 893 (1886), controls it. In *Bond*, a party moved to strike out a judgment on grounds of irregularity consisting of the failure to enter the judgment in the original trial docket before entry in the judgment record. Because of the omission, the party lost the right to appeal from the judgment, but the Court stated:

> "This, as a ground for striking out the judgment is wholly untenable. The defendant's attorney could have easily learned of the entry of judgment by examination of the record, or by inquiry of the clerk. It does not appear that he did either, though he says he did examine the original trial docket and found no entry of judgment."

If no complaint will lie by a party who is alleged to have been misled by an *absent* docket entry, no better case is posed by a party who is allegedly misled by an erroneous docket entry, especially where his attorney was promptly notified of the

court's order of March 29, 1966, affirming the decision of the Commissioner of Personnel. This order is at law a final judgment, for, as already discussed, a judgment nisi is not contemplated when a court rules on an appeal under the Administrative Procedure Act.

(3)

We add that we have carefully reviewed the merits of the appellant's contentions, and were it necessary, we would rule that his dismissal was legally justified.

*Appeal dismissed, the appellant to pay the costs.*