GREAT COASTAL EXPRESS, INCORPORATED ET AL.
*v.* DARLIN SUE SCHRUEFER ET AL.

[No. 634, September Term, 1977.]

*Decided March 9, 1978.*

---

The cause was argued before DAVIDSON, MOORE and COUCH, JJ.

*Alan L. Winik,* with whom were *Samuel S. Smalkin* and *William H. Clark* on the brief, for appellants.

*Lawrence E. Engel,* with whom was *John F. Wiley* on the brief, for appellee Travelers Insurance Company. Submitted on brief by *M. Michael Cramer* and *Levitan, Ezrin, Cramer, West & Weinstein, Chartered* for appellee Darlin Sue Schruefer.

MOORE, J., delivered the opinion of the Court.

This is an appeal from an Order of the Circuit Court for Montgomery County entering judgments in favor of the appellees in proceedings on remand after the filing of the mandate of this Court in *Great Coastal Express, Inc. v. Schruefer,* 34 Md. App. 706, 369 A. 2d 118 (1977). In the first appeal, this Court, in an opinion by Judge Lowe, rejected all claims of error at a bench trial of a wrongful death action in the Circuit Court for Montgomery County (Mitchell, J.), wherein the following plaintiffs received judgments against the defendant, Great Coastal:

1) Darlin Sue Schruefer
   (surviving spouse and mother and next
   friend of two infant children) — $350,000;
2) Richard Lynn Schruefer
   (child of the decedent) — $100,000;
3) Barbara Ann Schruefer
   (child of the decedent) — $100,000;

4) Shasta Beverages, Inc.
   (employer and owner of truck operated
   by decedent) ___   $ 18,100.02;
5) Travelers Insurance Company
   (workmen's compensation carrier,
   intervenor) ___   $ 54,500.

We found, however, that the workmen's compensation insurer's right to reimbursement under Md. Code, art. 101 § 58 was one of subrogation and, accordingly, that the trial judge erred in entering a separate judgment for Travelers. *Great Coastal Express, Inc. v. Schruefer, supra,* 34 Md. App. at 731. We also found that although we were empowered under Maryland Rules 1070 and 1075 to alter or modify the judgment as to Travelers, we were unable to exercise this power for the reason that:

> "We [could not] tell if the trial court reduced the amount it would have awarded the widow and children by the amount it awarded Travelers, or if the award of the latter amount was in addition to what the widow and children would have received had the insurer not intervened. Inasmuch as this case was tried to the judge and not a jury, modification of the award on remand should pose no particular difficulty." *Id.*

But this was not the only reason. As Judge Lowe went on to say:

> "A further reason why we are unable to modify the judgment is our confusion from the record over the proper amount due Travelers. It was awarded $54,500.00, the amount given in an interrogatory by the decedent's employer as the total amount expended on workmen's compensation. But the record also contains a letter from Travelers to the effect that it paid Darlin Sue Schruefer a total of $8,831.70 for funeral expenses and compensation. Whether the difference between the two sums reflects amounts paid to the deceased's children,

amounts paid for purposes specified in § 36 of Art. 101, or amounts paid for other purposes, we are unable to say. *On remand the trial court should articulate the basis of the award in favor of Travelers. If necessary for clarification, the court may hear from counsel or witnesses on that limited issue.* See Md. Rule 1071." *Id.* at 731-32. (Emphasis added.)

The mandate appended to the opinion and filed in the Circuit Court for Montgomery County on March 11, 1977 was as follows:

"Judgment in favor of Shasta Beverages affirmed; judgments in favor of Darlin Sue Schruefer, Richard Lynn Schruefer, Barbara Ann Schruefer and Travelers Indemnity Company vacated and remanded for modification and entry of proper judgments *in accordance with this opinion. . . .*" (Emphasis added.)

Proceedings on remand were conducted before Judge Mitchell on May 11, 1977, when counsel for the plaintiffs presented, over objection, an affidavit from Travelers Insurance Company disclosing that the insurer had paid, up to the time of the remand proceedings, total compensation in the amount of $16,623.27.[1] Thereafter, on May 31, 1977, Judge Mitchell entered an Order awarding the same judgments to Shasta Beverages, Inc. and the surviving children of the decedent, with interest from March 26, 1976 (the date of the original judgments) but providing as follows with respect to the recovery of Darlin Sue Schruefer:

"Judgment in favor of Plaintiff, Darlin Sue Schruefer, against the Defendant, Great Coastal Express, Inc., in the sum of $366,623.27, plus costs and interest from March 26, 1976, on the $350,000.00 portion of said award that has been made to Darlin Sue Schruefer. *The remaining $16,623.27 portion of*

---

1. The affidavit was not challenged with respect to its accuracy or genuineness.

*said Judgment to be paid to the Travelers Insurance Co. without interest."* (Emphasis added.)

On this appeal, Great Coastal Express raises two issues. It is contended (1) that the trial court erred in awarding interest on the judgments from March 26, 1976, instead of May 31, 1977, the date of the judgment from which this further appeal has been taken; and (2) that the addition of $16,623.27 to the judgment in favor of the surviving spouse is void "because outside the scope of this court's mandate." We find these contentions devoid of merit and we affirm.

## I

### (Effective Date of Interest)

Under Maryland Rule 642, "Interest on Judgment," the time as of which interest shall run is as follows:

1) Judgment by confession or default — from time judgment was rendered;
2) Judgment on verdict — from date on which verdict was rendered;
3) Judgment *nisi* following special verdict (Rule 560) or trial by the court (Rule 564) — from the date of the entry of judgment *nisi.*

Where, as here, the facts of a case are tried by a court, sitting without a jury, the court is required by Rule 564 b to "direct judgment *nisi* to be entered upon the law and the evidence." This act is analogous to entry of a verdict when the facts of the case are tried by a jury. *Merlands Club, Inc. v. Messall,* 238 Md. 359, 208 A. 2d 687 (1965). As Judge Barnes stated in *Merlands,* the order *nisi* "is in effect the court's verdict, sitting without a jury, at the conclusion of the action at law on its merits." 238 Md. at 364.

In the instant appeal, the verdicts in favor of the plaintiffs below remained wholly undisturbed and unaffected by the technical requirement of our mandate that the judgments be "vacated and [case] remanded for modification and entry of proper judgments in accordance with this opinion." No new trial was granted as in *Cook v.*

*Toney,* 245 Md. 42, 224 A. 2d 857 (1966), upon which appellant vainly relies. There, the Court stated:

"... [T]he motion for a new trial was *granted* and the original verdict and judgment nisi against Toney were eliminated from the case as if they had never been entered." 245 Md. at 50.

In this case, the original verdicts were untouched by our action and the plaintiffs (appellees) were the successful suitors as of the date of rendition in March 1976, and, as such, appellees were entitled to interest as of that time. As the late Judge O'Donnell stated for the Court of Appeals in *I. W. Berman Properties v. Porter Brothers, Inc.,* 276 Md. 1, 24, 344 A. 2d 65 (1975):

"The purpose of post-judgment interest is obviously to compensate the successful suitor for the same loss of the use of the monies represented by the judgment in its favor, and the loss of income thereon, between the time of entry of the judgment *nisi* — when there is a judicial determination of the monies owed it — and the satisfaction of the judgment by payment."

For these reasons, we find appellant's first assignment of error without support.

## II

### (Payment to Subrogation Carrier)

We also find unsupportable the contention of Great Coastal that the addition of $16,623.27 by the trial judge on remand was outside the scope of our mandate. Indeed, it is abundantly clear that Judge Mitchell acted precisely within the letter and spirit of our opinion and mandate. As previously indicated, Judge Lowe stated in the opinion: "On remand the trial court should articulate the basis of the award in favor of Travelers. If necessary for clarification, the court may hear from counsel or witnesses on that limited issue. See Md. Rule 1071." *Great Coastal Express, Inc. v. Schruefer, supra,* 34 Md.

App. at 731-32. The mandate then remanded the case "for modification and entry of proper judgments *in accordance with this opinion." Id.* at 732. (Emphasis added.)

In the Order of Judge Mitchell after remand, our mandate was clearly and correctly interpreted when the court stated in a paragraph prefatory to the entry of the modified judgments that this Court's previous decision "mandates that the award to Travelers Insurance Company not be separate from that awarded to the other plaintiffs and ... further mandates that this Court articulate that portion of the award that is to be made to the Travelers Insurance Company...." There followed a recital that the Order was being entered "in further consideration of the representations of the Travelers Insurance Company that as of the date of the hearing on remand, May 12, 1977, they have paid to or on behalf of Darlin Sue Schruefer, the sum of $16,623.27 as workmen's compensation benefits...."

The subrogated carrier was clearly obliged to continue the payment of compensation benefits during the pendency of this further appeal. Md. Code, art. 101 § 58; *Brocker Manufacturing and Supply Co. v. Mashburn,* 17 Md. App. 327, 339, 301 A. 2d 501 (1973). The allowance of the full benefits paid up to the date of the remand proceedings offends no rule of law or procedure but is entirely in conformity with our own specific direction to the lower court.

We deem it not inappropriate, finally, to point out that Great Coastal has, at all events, been the beneficiary of our previous finding that a discrepancy existed between the amount of the judgment erroneously awarded to Travelers ($54,500) and the workmen's compensation payments actually made. This is a significant benefit to Great Coastal, and we reject out of hand its claim on this appeal that *no* amount of compensation benefits paid should be added to the revised judgment awarded to Mrs. Schruefer.

*Judgments affirmed; appellants to pay the costs.*