## COOK *v.* TONEY

[No. 510, September Term, 1965.]

44

*Decided December 15, 1966.*

The cause was argued before HAMMOND, C. J., and HORNEY, MARBURY, BARNES and McWILLIAMS, JJ.

*Amos I. Meyers* for the appellant.

*Dewey B. Morris,* with whom were *Piper & Marbury, Joseph H. Young,* and *Jesse Slingluff* on the brief, for the appellee.

BARNES, J., delivered the opinion of the Court.

The present case has been extensively litigated. It began originally by the filing of a declaration in the Court of Common Pleas of Baltimore City by the plaintiff and appellant, Miriam Tates Cook against three defendants, Newton Toney, the appellee, John W. Perry and Ellen M. Perry, his wife, to recover damages for personal injuries sustained in an automobile accident. A jury trial was elected and damages in the amount of $25,000 were claimed. Toney filed the general issue plea and later, after various discovery procedures, Mr. and Mrs. Perry

also filed general issue pleas. The jury was sworn on March 28, 1960, and the trial proceeded before Judge Tucker and the jury. On motion of Mrs. Perry, the trial court directed a verdict in her favor on March 29, 1960, and on the same day the jury rendered a general verdict in favor of the plaintiff for $5,000 against the remaining two defendants Toney and Mr. Perry. Judgments nisi were entered on the verdicts the same day. On April 1, 1960, Toney filed a motion for a judgment n.o.v. or, in the alternative, for a new trial. On April 2, 1960, a judgment on the verdict was made absolute in favor of Mrs. Perry for costs and judgment absolute was also entered in favor of the plaintiff for $5,000 with interest and costs against Mr. Perry.

On April 22, 1960, Judge Tucker granted Toney a new trial, the docket entry showing the following:

"Apr. 22, 1960—Motion of Defendant, Newton Toney for Judgment N.O.V. or for a New Trial — Motion 'Granted as to a New Trial.' (Judge Tucker)."

The new trial in regard to Toney came on for hearing before Chief Judge Niles and a jury and at the conclusion of the whole case, Judge Niles granted the defendant's motion for a directed verdict. Judgment absolute on this verdict was entered on March 5, 1962, for Toney for the costs of suit. The plaintiff entered an appeal to this Court on March 22, 1962. We reversed the judgment in favor of Toney on February 18, 1963, our decision being reported as *Miriam A. Tates*[1] *v. Newton Toney*, 231 Md. 9, 188 A. 2d 283. The mandate in that case was "Judgment reversed and case remanded for a new trial; costs to be paid by appellee."

The new trial came on for hearing before Judge Byrnes and a jury. The jury rendered a verdict in favor of the defendant Toney on January 20, 1965. The plaintiff timely filed a motion

---

1. After the remand, the plaintiff moved to amend the declaration by changing the name of the plaintiff from Miriam A. Tates to Miriam A. Cook and this motion was granted by the trial court.

for judgment n.o.v. or, in the alternative, for a new trial. The plaintiff's motion for a judgment n.o.v. was denied, but her motion for a new trial was granted by Judge Byrnes on February 19, 1965.

The new trial came on for hearing before Judge Harlan and a jury. On September 20, 1965, the jury rendered a verdict in favor of the plaintiff on which judgment nisi was entered the same day. On September 23, 1965, judgment absolute on the verdict was entered, the docket entry being as follows:

> "Sept. 23, 1965—Judgment on Verdict made absolute in favor of the Plaintiff against Defendant Newton Toney for Cost of Suit."

On September 30, 1965, Toney filed a petition for leave to pay $5,000 into the registry of the trial court reciting that counsel for the plaintiff was claiming interest on $5,000 from April 2, 1960, which Toney contested and tendered $5,000 to stop further interest from running. The trial court passed an order the same day granting leave to deposit the $5,000 into the registry and provided in the order that interest should cease to run or accrue as of the date of the order.

On October 4, 1965, the plaintiff filed a petition to be permitted to withdraw the $5,000 deposited without prejudice to a subsequent determination as to whether she was entitled to interest from April 2, 1960, and the trial court on the same day granted the plaintiff leave to withdraw the $5,000 from the registry "subject to further consideration in the future of the amount, if any, of interest due the Plaintiff, Miriam Tates Cook, in connection with the within proceedings." A check for $5,000 was delivered to counsel for the plaintiff on October 5, 1965, in accordance with the order of October 4.

On November 3, 1965, the plaintiff filed in the case a "bill" (referred to in the docket entries as a "petition") for a declaratory judgment against Toney. This bill (or petition) alleged many of the relevant prior proceedings and then alleged the following:

> "7. That it was agreed and understood between the parties and their counsel that under the law, the issue of damages was already assessed and the Plaintiff

could not present evidence of her injuries and damages to the jury in this or any other future proceeding."

It was further alleged that the declaratory judgment proceeding was "brought in accordance with the provisions of Article 31A of the Annotated Code of Maryland, as a justiciable controversy exists between the parties" and the plaintiff moved the trial court to pass an order determining that Toney "is responsible to pay interest to the Plaintiff on the Judgment of $5,000.00, accounting from the date of the verdict [sic] [2] of April 2, 1960" to the date when the $5,000 was deposited in the registry and "for such other relief as the justice of the case may require."

Toney, on November 16, 1965, filed both a motion to dismiss the bill for a declaratory judgment and an answer to the bill. His grounds for the motion to dismiss were: (1) the bill for declaratory judgment did not lie after judgment had previously been entered, (2) it could not be used as a substitute for an appeal, and (3) it could not be used as a substitute for a motion provided for in Maryland Rule 625.

In the answer, the factual allegations in regard to prior proceedings were admitted and the following was alleged:

"In answer to the seventh paragraph of said Bill he denies the allegations thereof, but says that it was understood and agreed at the times of the subsequent trials that under the law the issue of damages to be awarded was determined and that, if there should have been a verdict and judgment against the defendant, Toney, it would be in the amount of Five Thousand Dollars ($5,000)."

Judge Harlan, after hearing, on December 2, 1965, ordered that "the Bill for Declaratory Judgment filed by the Plaintiff be dismissed with prejudice, the Court finding that the Plaintiff is not entitled to interest from April 2, 1960, to October

2. The verdict against Toney and Mr. Perry was rendered on March 29, 1960 and not on April 2, 1960. The judgment absolute was rendered against Mr. Perry on April 2, 1960.

4, 1965, the date on which the Defendant paid the amount of the judgment into Court." The plaintiff entered the present appeal to this Court on December 22, 1965.

Two questions are presented to us by this appeal:

(1) Is the plaintiff concluded by the judgment of September 23, 1965, the bill for declaratory judgment not having been filed within 30 days from the date of that judgment and no appeal to this Court having been taken during the 30 day period?

(2) If the plaintiff is not concluded by the judgment of September 23, 1965, did interest on the $5,000 run from the date of the judgment entered on that verdict against Mr. Perry on April 2, 1960?

Toney earnestly contends that the judgment of September 23, 1965, became enrolled 30 days from its date, i.e., on October 23, 1965, after which time, pursuant to Maryland Rule 625, the trial court has revisory power and control over the judgment only "in case of fraud, mistake or irregularity," and a bill for a declaratory judgment filed after enrollment does not lie to alter the judgment, or as a motion pursuant to Maryland Rule 625 or as a substitute for an appeal.

If it were not for the trial court's order of October 4, 1965, passed within the 30 day period, there would be much force in this contention. By the order of October 4, however, the trial court permitted a withdrawal of the $5,000 deposit in the registry and provided *"this payment of the verdict in the above case subject to further consideration in the future of the amount, if any, of interest* due the Plaintiff * * * *in connection with the within proceedings."* (Emphasis supplied). As Maryland Rule 625 gives the trial court revisory power and control over a judgment "for a period of thirty days after the entry of a judgment, or thereafter pursuant to a motion filed within such period," it may well be said that the petition of October 4, 1965, and the order of that date preserved for future determination the scope of the judgment in regard to what interest, if any, was payable to the plaintiff.

If we assume, without deciding, however, that the plaintiff is not concluded by the judgment of September 23, 1965, it is clear to us that interest did not run on the $5,000 from the

judgment entered on that verdict on April 2, 1960, against Mr. Perry so that the trial court's order of December 2, 1965, must be affirmed.

It will be noted that the plaintiff-appellant does not contend that the interest should run from the date of the original verdict against Toney on March 29, 1960, but rather from April 2, 1960, when judgment absolute was entered against the concurrent tortfeasor, Mr. Perry. It is clear that the verdict of March 29, 1960, and judgment nisi thereon against Toney, were after the granting of the new trial on April 22, 1960, as to Toney, eliminated entirely and the case was in the same condition, so far as Toney was concerned, as if no trial had previously been held. Judge Henderson, for the Court, summarized the Maryland law in this regard in *Snyder v. Cearfoss,* 186 Md. 360, 367, 46 A. 2d 607, 610 (1946) as follows:

> "It is generally recognized that the effect of granting
> a new trial is to leave the cause in the same condition
> as if no previous trial had been held."

See also to the same effect, *State, for use of Scruggs v. Baltimore Transit Co.,* 177 Md. 451, 9 A. 2d 753 (1939); *Waters v. Waters,* 28 Md. 11 (1867).

It was most likely because of this well-established rule of law that the plaintiff-appellant does not urge in this Court that interest should run from March 29, 1960, the date of the original *verdict* against Toney, but rather from April 2, 1960, the date the *judgment* was made absolute against Mr. Perry, Toney's co-tortfeasor. The difficulty with the position of the plaintiff as to interest immediately appears as Maryland Rule 642 provides as follows:

> "A *judgment by confession* or by *default* shall be so
> entered as to *carry interest from the time the judgment was rendered. A judgment on verdict shall be
> so entered as to carry interest from the date on which
> the verdict was rendered.* A judgment *nisi* entered by
> the court following a *special verdict* pursuant to Rule
> 560 (Special Verdict) *or trial by the court without a
> jury* pursuant to Rule 564 Trial by the Court shall be
> so entered as to carry interest from the *date of the
> entry of the judgment nisi."* (Emphasis supplied).

As there is no judgment by confession or default and no judgment nisi entered on a *special verdict* or upon a trial by the court without a jury, the plaintiff must claim under Maryland Rule 642 upon the provision that "A judgment on verdict shall be so entered as to carry interest from the date *on which the verdict* was rendered." (Emphasis supplied). As the verdict of March 29, was completely eliminated by the granting of the new trial on April 22, 1960, that verdict against Toney obviously cannot be made the basis of a later judgment against Toney for any purpose whatever including the date from which interest would run, and, as already observed, the plaintiff-appellant does not so contend.

There is no doubt that if the motion of Toney for a new trial had been *overruled* or if the granting of a new trial had in the limited cases in which the granting of such a motion is appealable, been *reversed* by this Court on appeal, the plaintiff would have been entitled to interest from March 29, 1960, the date of the original verdict against Toney. *Hodgson v. Phippin,* 159 Md. 97, 150 Atl. 118 (1930). See Annotation, *Date of verdict or date of entry of judgment thereon as beginning of interest period on judgment.* 1 A.L.R.2d 479; Annotation 4 A.L.R.3d 1221. In the case at bar, however, the motion for a new trial was *granted* and the original verdict and judgment nisi against Toney were eliminated from the case as if they had never been entered.

It is true that Toney was barred, both under the law by our decisions in *Keitz v. National Paving and Contracting Co.,* 214 Md. 479, 136 A. 2d 229 (1957) and *East Coast Freight Lines v. Mayor and City Council of Baltimore,* 190 Md. 256, 58 A. 2d 290 (1948), as well as, in this case, by the stipulation of the parties themselves, from re-litigating the amount of the plaintiff's damages as found by the jury in the first trial and upon which judgment absolute was rendered on April 2, 1960, against Toney's co-tortfeasor, Mr. Perry. These two cases establish, as the parties recognized through their stipulation, that if a concurrent tortfeasor sufficiently participates in a prior trial, he is concluded by *a judgment against his co-tortfeasor* as to all issues, except those on which a new trial is granted. In the present case the issue of damages was concluded by the

judgment against Mr. Perry (Toney having participated in the trial of the case) and the estoppel as to damages in the later trial of the case is based upon that judgment against Mr. Perry, as a co-tortfeasor, and not by the earlier verdict against Toney as to which a new trial was granted.

There can be no question, however, that although the amount of damages was concluded by the judgment of April 2, 1960, against the concurrent tortfeasor, Toney's obligation to pay did not attach until a verdict was rendered against him on September 20, 1965, and the judgment absolute entered on that verdict on September 23, 1965. Cf. *Black Diamond S. S. Corp. v. Fidelity & Deposit Co.,* 33 F. 2d 767 (1929, D. Ct. Md., applying Maryland law). It was this verdict of September 20, from which interest would run pursuant to the applicable provision of Maryland Rule 642 as indeed this is the first and only verdict in legal contemplation against Toney.

In our opinion, it would have been better practice for the trial court to have instructed the jury that if their verdict was for the plaintiff, it was required under the law and by the stipulation of the parties to return $5,000 as the amount of its verdict so that the verdict of September 20, 1965, could have been entered up for that amount with costs and a judgment absolute against Toney for $5,000 and costs would have been entered up on that verdict on September 23, 1965. This would have made it clear that interest would have run on that verdict from September 20 in accordance with Maryland Rule 642 and would have protected the plaintiff if, for any reason, Toney failed or was unable to respond to his obligation under the law and by his stipulation to pay the $5,000. Fortunately in this case, Toney was both willing and able to so respond and did this by depositing the $5,000 into court. This money has been received by the plaintiff and as the plaintiff is not entitled to interest on the $5,000 from April 2, 1960, but only from September 20, 1965 through September 30, 1965, an insignificant amount of $8.33 (10 days at 83.3 cents per day), we see no reason to reverse and remand the case for the entry of a verdict for $5,000 and a judgment for $5,000 against Toney with interest from September 20, 1965, and costs. Upon the payment by Toney of costs in the case to September 23, 1965, and the amount of

$8.33 interest to the plaintiff, Toney is entitled to have the judgment of September 23, 1965 entered paid and satisfied.

> *Order affirmed, and the case remanded with the direction to the Clerk of the Court of Common Pleas to enter the judgment of September 23, 1965, in favor of the plaintiff, Miriam Tates Cook, against the defendant, Newton Toney, for costs "paid and satisfied," upon payment of costs in the case to September 23, 1965, and the payment of $8.33 interest to the plaintiff by the defendant, Toney; the costs accruing subsequent to September 23, 1965, and all costs in this Court shall be paid by the appellant.*