ENGHAUSER MANUFACTURING CO., INC., APPELLEE, *v.* ERIKSSON ENGINEERING LTD.; CITY OF LEBANON, APPELLANT.

(No. CA83-08-059—Decided December 31, 1984.)

*James E. Sheets,* for appellee.
*J. William Duning,* for appellant.

*Per Curiam.* This cause came on to be heard upon an appeal from the Court of Common Pleas of Warren County.

The facts of this appeal are not in dispute. On June 16, 1976, the appellee, Enghauser Manufacturing Co., Inc. (hereinafter "Enghauser"), filed a complaint against various defendants, including the appellant, the city of Lebanon. On September 1, 1978, a jury verdict in favor of Enghauser in the amount of $91,000 was rendered. A judgment reflecting this verdict was filed on September 18, 1978,[1] which also awarded appellee "interest and costs

---

[1] Though the entry is dated September 18, 1978, an "Entry Clarifying Docket" was filed on December 15, 1978, stating that it was stipulated by the parties that the entry was not entered on the docket of the clerk of courts until October 5, 1978.

herein." On November 10, 1980, appellant's motion for judgment *non obstante veredicto* was sustained by the trial court and this court subsequently affirmed the lower court's action. *Enghauser Mfg. Co.* v. *Eriksson Engineering Ltd.* (March 31, 1982), Warren App. No. 474, unreported. The Ohio Supreme Court subsequently adopted this case as the vehicle through which to announce a departure from the ancient doctrine of sovereign immunity for municipalities, *Enghauser Mfg. Co.* v. *Eriksson Engineering Ltd.* (1983), 6 Ohio St. 3d 31, ruling in favor of appellee. Following that decision, Enghauser filed a motion asking the trial court to compute the interest owed on the $91,000 judgment and to award interest from the date of the tort. The trial court determined that the amount of the interest was $34,020 as computed from the date of the original judgment for $91,000 in plaintiff's favor as entered pursuant to the jury's verdict. See fn. 1.

This appeal was subsequently initiated and the appellant now asserts a single assignment of error as follows:

"The lower court erred in awarding interest to the plaintiff-appellee prior to the final entry of the judgment of reversal by the Ohio Supreme Court of a judgment notwithstanding the verdict."

## I

Initially, we would note that there is a pending motion to dismiss the appeal pending in this case. Enghauser has argued that the order appealed from is not a final appealable order. We disagree.

As the appellant notes, the court below granted its motion for judgment notwithstanding the verdict. Thus, the question of which date marked the date from which interest was to run was not pertinent until the Ohio Supreme Court reinstated the judgment in favor of the appellee.

Appellee made a motion requesting the court to calculate the interest from a particular date and the court acted upon that motion. R.C. 2505.02 defines an order from which an appeal may be taken and details three requirements: (1) The order must affect a substantial right, (2) it must determine the action, and (3) it must prevent a judgment in favor of the party seeking review. *In re Estate of Messmore* (Feb. 29, 1984), Warren App. No. CA83-09-064, unreported. It is clear from the face of the judgment appealed from herein that these requirements are satisfied. Accordingly, appellee's motion to dismiss is hereby overruled.

## II

The appellant states that, "[t]he record is clear that until July 20, 1983, plaintiff had a 'verdict' but not a 'judgment' in its favor," arguing that interest accrues only upon the entering of final judgment in the lower court pursuant to the mandate of the Ohio Supreme Court arising from that court's decision. Appellant states that there are no Ohio cases directly on point and relies primarily on two federal cases, to wit: *Powers* v. *New York Central RR. Co.* (C.A. 2, 1958), 251 F. 2d 813, and *Briggs* v. *Pennsylvania RR. Co.* (C.A. 2, 1947), 164 F. 2d 21, affirmed on other grounds (1948), 334 U.S. 304, as well as cases from other jurisdictions.

The sole question presented herein is upon what date did the interest of approximately $25 per day[2] begin to accrue. The trial court apparently found that date to be October 5, 1978, while appellant asserts that the correct date is

---

[2] We would note that appellant disputes neither the fact that some amount of interest is owed nor the current *per diem* rate, but only the date from which the interest is to be computed.

July 20, 1983, the date of the Supreme Court's decision in this case.

Our analysis must begin with a review of the relevant statutes. R.C. 1343.03(B) provides, in part, that:

"* * * interest on a judgment * * * for the payment of money rendered in a civil action based on tortious conduct * * * shall be computed *from the date the judgment* * * * *is rendered to the date on which the money is paid.*" (Emphasis added.)

R.C. 1343.03(A) provides that the rate of interest on such judgments is currently ten percent per annum.

Many litigants have attempted to argue that interest should be awarded from the date of the jury's verdict and many Ohio courts have held that interest accrues from the date *judgment* is entered by the court. See, *e.g., Chupka v. Oshust* (App. 1937), 27 Ohio Law Abs. 351. In the case at bar, final judgment was initially entered in favor of appellee on October 5, 1978.

Appellant notes that its motion for judgment notwithstanding the verdict was granted and argues that this "reopened" the earlier judgment. However, while the mere *filing* of a motion for judgment notwithstanding the verdict suspends the running of the time for filing a notice of appeal, App. R. 4(A), it does *not* terminate the accrual of interest on a judgment entered on the court's journal. The appellee, absent a stay of execution, was free to initiate collection procedures upon the filing of the original judgment in its favor as the judgment was effective "* * * when filed with the clerk for journalization." Civ. R. 58.

The judgment below in favor of appellee was entered on October 5, 1978. Appellant's motion for judgment notwithstanding the verdict was made on October 13, 1978. On November 23, 1979, the trial court filed a "Decision" granting appellant's motion. Final judgment was entered in appellant's favor on November 10, 1980, some two years after the original motion was filed. Thus, contrary to appellant's assertions, appellee had a judgment in *its* favor for some two years before it was "set aside" pursuant to Civ. R. 50(B). Where a judgment was entered, filed with the clerk for journalization and later improperly set aside on a motion for judgment notwithstanding the verdict, should the initial victor at the trial level be prohibited from collecting interest from the date judgment was originally and properly entered in his favor? We think not. A reversal on appeal of a judgment *non obstante veredicto* in favor of a defendant is, in effect, a finding that plaintiff's original judgment always existed. The interest on the plaintiff's judgment in such a case shall be computed from the date of the original entry of judgment on the verdict. 45 American Jurisprudence 2d (1969) 92, Interest and Usury, Section 106. We do not find the foreign authorities cited by appellant to be persuasive.

We would also note that computing the amount of interest on an older verdict is sometimes difficult. In this case, from the date of the judgment in appellee's favor until July 29, 1980, the rate of interest was six percent. The rate was eight percent from July 30, 1980, to July 4, 1982. Effective July 5, 1982, the rate was changed to ten percent.

The trial court stated that "as of" August 1, 1983, the amount of interest owed was $34,020. This court has determined *sua sponte* that this amount is erroneous and, on remand, would order a recalculation by the parties and the court.

Accordingly, appellant's sole assignment of error must be overruled.

The assignment of error properly before this court having been ruled upon as heretofore set forth, it is the order of this court that the judgment or final order herein appealed from be, and the

same hereby is, remanded to the court below for further proceedings not inconsistent with this decision.

*Cause remanded.*

HENDRICKSON, P.J., KOEHLER and GORMAN, JJ., concur.

GORMAN, J., of the Court of Common Pleas of Cuyahoga County, sitting by assignment in the Twelfth Appellate District.