VANDERHOOF ET AL., APPELLANTS, *v.* GENERAL ACCIDENT INSURANCE GROUP, APPELLEE.

(No. E-86-52—Decided September 18, 1987.)

*Michael Murray,* for appellants.

*M. L. McDermond, Jr.,* for appellee.

HANDWORK, P.J. This is an appeal from the Erie County Court of Common Pleas. The parties to this appeal are James and Lucille Vanderhoof, husband and wife (hereinafter "appellants"), and General Accident Insurance Group (hereinafter "appellee"). This appeal concerns appellants' motion for an award of prejudgment interest pursuant to R.C. 1343.03(C), and the trial court's denial thereof.

I

It is necessary to give only an abbreviated version of the facts underlying this appeal. On December 25, 1982, appellants were involved in a three-car accident. One of the drivers was an uninsured motorist, while the other left the scene of the accident without stopping. Mrs. Vanderhoof was seriously injured. Mr. Vanderhoof's injuries were less serious than his wife's. Appellants made a claim for compensation for their bodily injuries under the uninsured motorist provision of their policy with appellee. After months of negotiations, it became clear to appellants and appellee that they could not agree on a mutually acceptable settlement amount. Appellants filed a complaint seeking a declaration of the policy limits and alleging that appellee had failed to negotiate the settlement of their claim in good faith. Appellants also asked that interest on their damage award be computed from the date of the accident.

Trial was set for August 29, 1985. A pretrial conference was held in the trial judge's chambers on August 27, 1985. At this conference, the parties agreed to settle appellants' uninsured motorist claim for $200,000. The trial court, in its September 13, 1985 journal entry, recited the terms and conditions of this settlement agreement. This entry was prepared by counsel for appellants, and is attached to this opinion as an appendix.

It is obvious that the parties treated appellants' uninsured motorist and prejudgment interest claims as separate matters. After the parties had settled appellants' uninsured motorist claim for $200,000, appellants moved for prejudgment interest on that amount. The court held a hearing

on the matter, at which the parties' August 27, 1985 settlement agreement was discussed. Specifically, counsel for appellee commented that the case "* * * was settled by paying the policy limits with the stipulation that if [appellants] wished to pursue pre-judgment interest, they could * * *." The court found that appellee had not failed to make a good faith effort to settle the case and, therefore, denied appellants' motion for prejudgment interest. Appellants now appeal from this order.[1]

## II

Appellants' assignment of error raises the issue of whether the trial court erred by denying their motion for prejudgment interest. We believe, however, that it is not necessary to address the merits of appellants' assignment of error in order to pass upon this appeal. In our opinion, we need not consider the question of whether the court abused its discretion by denying appellants' motion in order to dispose of this appeal. Rather, we believe that the dispositive question is whether the court committed plain error by entertaining appellants' motion.

## III

R.C. 1343.03(C) is as follows:

"Interest on a judgment, decree, or order for the payment of money rendered in a civil action based on tortious conduct and not settled by agreement of the parties, shall be computed from the date the cause of action accrued to the date on which the money is paid, if, upon motion of any party to the action, the court determines at a hearing held subsequent to the verdict or decision in the action that the party required to pay the money failed to

make a good faith effort to settle the case and that the party to whom the money is to be paid did not fail to make a good faith effort to settle the case."

We find that R.C. 1343.03(C) sets forth two interrelated requirements that must be evident on the face of the record in order for a party to the action to place the issue of prejudgment interest before the court for determination. First, there must be "* * * a judgment, decree, or order for the payment of money rendered in a civil action based on tortious conduct * * *." R.C. 1343.03(C). Second, the civil action must "* * * not [be] settled by agreement of the parties * * *." Id. For the following reasons, we find that appellants did not meet these interrelated requirements.

### A

As to the first requirement, we find that appellants' action was based upon appellee's alleged bad faith refusal to settle their uninsured motorist claim. Such an action sounds in tort. See *Hoskins* v. *Aetna Life Ins. Co.* (1983), 6 Ohio St. 3d 272, 6 OBR 337, 452 N.E. 2d 1315, paragraph one of the syllabus. We further find, however, that said action was not one in which a judgment, decree, or order was rendered for the payment of money. This is for the reason that we construe the words "judgment, decree, or order" to mean only a judgment, decree, or order that is based upon an adjudicated adversarial proceeding, wherein a jury or a trial court sitting as the factfinder determines the amount of money to be paid to the prevailing party. In the instant case, the court's entry memorialized the parties' agreement to settle appellants' uninsured

---

[1] A trial court's order denying a party's motion for prejudgment interest is a final order within the meaning of R.C. 2505.02. See *Enghauser Mfg. Co.* v. *Eriksson Engineering Ltd.* (1984), 21 Ohio App. 3d 121, 122, 21 OBR 129, 130, 486 N.E. 2d 1189, 1190-1191.

motorist claim for $200,000. The court's entry was not based upon an adjudicated adversarial proceeding. Accordingly, we hold that appellants did not meet the requirement that their motion for prejudgment interest be predicated upon "* * * a judgment, decree, or order for the payment of money * * *." R.C. 1343.03(C).

Our construction of the words "judgment, decree, or order" as meaning only a judgment, decree, or order that is based upon an adjudicated adversarial proceeding is limited to R.C. 1343.03(C). Ordinarily, a settlement agreement voluntarily entered into by the parties constitutes a binding contract, and the trial court, by memorializing said contract by journal entry, makes it a "judgment" of the court and may enforce it if necessary. *Spercel* v. *Sterling Industries* (1972), 31 Ohio St. 2d 36, 60 O.O. 2d 20, 285 N.E. 2d 324, paragraphs one and two of the syllabus, certiorari denied (1973), 411 U.S. 917; *Mack* v. *Polson Rubber Co.* (1984), 14 Ohio St. 3d 34, 36, 14 OBR 335, 336-337, 470 N.E. 2d 902, 903-904; *Klever* v. *Stow* (1983), 13 Ohio App. 3d 1, 4, 13 OBR 1, 4-5, 468 N.E. 2d 58, 61-62. Under ordinary circumstances, such a journal entry would qualify as a judgment, decree, or order. But, as we have held, under R.C. 1343.03(C), a "judgment, decree, or order" must be one that is based upon an adjudicated adversarial proceeding.

B

The second requirement of R.C. 1343.03(C) is that the civil action not be settled by agreement of the parties. The rationale for this requirement becomes evident when the purposes of R.C. 1343.03(C) are examined. In *Kalain* v. *Smith* (1986), 25 Ohio St. 3d 157, 159, 25 OBR 201, 202, 495 N.E. 2d 572, 574, the Supreme Court of Ohio observed as follows: "The statute

was enacted to promote settlement efforts, to prevent parties who have engaged in tortious conduct from frivolously delaying the ultimate resolution of cases, *and to encourage good faith efforts to settle controversies outside a trial setting.*" (Emphasis *sic*.) Obviously, the General Assembly enacted R.C. 1343.03(C) for the purpose of reaching only those cases that are not settled by mutual agreement. See, *e.g., Hardiman* v. *Zep Mfg. Co.* (1984), 14 Ohio App. 3d 222, 228, 14 OBR 250, 256, 470 N.E. 2d 941, 948. Courts that have addressed the issue of the granting or denial of a motion for prejudgment interest have had that issue presented to them in the context of a judgment, decree, or order for the payment of money *first* being rendered in the plaintiff's favor, whether by the jury or the trial court. See *Kalain* v. *Smith, supra; Peyko* v. *Frederick* (1986), 25 Ohio St. 3d 164, 25 OBR 207, 495 N.E. 2d 918; *Huffman* v. *Hair Surgeon, Inc.* (1985), 19 Ohio St. 3d 83, 19 OBR 123, 482 N.E. 2d 1248; *Black* v. *Bell* (1984), 20 Ohio App. 3d 84, 20 OBR 105, 484 N.E. 2d 739; *Dailey* v. *Nationwide Demolition Derby, Inc.* (1984), 18 Ohio App. 3d 39, 18 OBR 108, 480 N.E. 2d 110; *Roberts* v. *Mut. Mfg. & Supply Co.* (1984), 16 Ohio App. 3d 324, 16 OBR 355, 475 N.E. 2d 797; *Hardiman* v. *Zep Mfg. Co., supra; Cox* v. *Fisher Fazio Foods, Inc.* (1984), 13 Ohio App. 3d 336, 13 OBR 414, 469 N.E. 2d 1055; *Carmo* v. *Frankel* (1984), 17 Ohio Misc. 2d 3, 17 OBR 190, 477 N.E. 2d 1244.

We recognize that the court memorialized the parties' agreement that appellants' motion for prejudgment interest was to be determined "* * * on the same basis as if a verdict was rendered on the Plaintiffs' behalf in the amount of Two Hundred Thousand Dollars ($200,000.00) after a trial on the merits of all issues raised in the Plaintiffs' Complaint." We hold, however, that the court, by its journal en-

try, cannot bring the parties within the terms of R.C. 1343.03(C). The court cannot alter the true nature of the parties' action: They settled the case and thereby placed themselves outside the terms of the statute. That being the case, the court was without authority to entertain appellants' motion. Appellants and appellee's agreement to the contrary cannot cure this error. See *Rosebrough* v. *Ansley* (1878), 35 Ohio St. 107, 111. Accordingly, the court should not have scheduled appellants' motion for hearing. Cf. *Whittington* v. *New Jersey Zinc Co.* (C.A. 6, 1985), 775 F. 2d 698, 702-703.

## C

It would be an understatement to say that appellee failed to object to appellants' motion for prejudgment interest or to the court's hearing thereon. Given appellee's stipulation that appellants could seek prejudgment interest on the $200,000 settlement, appellee was not in a position to object to the proceedings and thereby give the court an opportunity to avoid or correct its error. See *In re Bibb* (1980), 70 Ohio App. 2d 117, 118, 24 O.O. 3d 159, 160, 435 N.E. 2d 96, 98.

In *Reichert* v. *Ingersoll* (1985), 18 Ohio St. 3d 220, 18 OBR 281, 480 N.E. 2d 802, the Supreme Court of Ohio held that the plain-error doctrine could be applied to a civil case. The court observed that "[t]he plain-error doctrine permits correction of judicial proceedings when error is clearly apparent on the face of the record and is prejudicial to the appellant. * * *" (Citation omitted.) *Id.* at 223, 18 OBR at 283, 480 N.E. 2d at 805. The court also observed that the doctrine could be invoked when the error at issue has a material adverse effect on the character of and public confidence in judicial proceedings. *Id.*

In the instant case, we find that error is apparent on the face of the record and that appellee was prejudiced thereby. The error consists of the court's entertaining appellants' motion for prejudgment interest where R.C. 1343.03(C) gave it no authority to do so. The prejudice to appellee lies in the fact that the court subjected it to proceedings not authorized by R.C. 1343.03(C), notwithstanding appellee's acquiescence therein. We find that the proceedings below, not being authorized by statute, had a material adverse effect on the character of the court's proceedings. This is because the court failed to abide by the express terms of R.C. 1343.03(C) and, in effect, permitted the parties to use the prejudgment interest statute as they saw fit, and not as the General Assembly intended. For the foregoing reasons, we hold that the court plainly erred by entertaining appellants' motion for prejudgment interest.

## IV

On consideration whereof, we find that substantial justice has been done to appellants. We find that appellants were not prejudiced by the trial court's denial of their motion for prejudgment interest, because we have held that the court should not have entertained their motion. We vacate the judgment of the Erie County Court of Common Pleas, and remand this case to said court with instructions that said court enter an order dismissing appellants' motion for prejudgment interest. It is ordered that appellants pay the court costs of this appeal.

*Judgment vacated.*

RESNICK and GLASSER, JJ., concur.

RESNICK, J. I reluctantly concur in the majority's decision; however, because of the unjust result in this case and the fact that this situation can be repeated in the future, it is necessary

for me to make the following statement. An insurance company can delay making an acceptable offer until the day of trial or even during trial. If the case is settled then the party is not entitled to prejudgment interest regardless of the lack of a good faith effort to settle the case on the part of the insurance company. It is for the General Assembly, however, to consider such issues and not for the courts. I therefore concur.

MTM:bcm
8/29/85

APPENDIX

IN THE COMMON PLEAS COURT OF ERIE COUNTY, OHIO

LUCILLE VANDERHOOF, et al.,

Plaintiffs,     CASE NO.   46274

-vs-

GENERAL ACCIDENT GROUP,

Defendant.

JOURNAL ENTRY

FILED
COMMON PLEAS COURT

SEP 13 1985

Colette A. Crouch, Clerk
Erie County, Ohio

-oOo-

It is the finding of the Court, that the parties have agreed that a verdict should be entered on the behalf of the Plaintiff, James Vanderhoof, in the amount of One Hundred Thousand Dollars ($100,000.00), and on the behalf of Lucille Vanderhoof in the amount of One Hundred Thousand Dollars ($100,000.00) in satisfaction of all elements of the Plaintiffs' prayer for damages with the exception of the pre-judgment interest.  It is agreed between the parties that whether or not the Plaintiffs shall receive pre-judgment interest, shall be determined by the Court at the Court's convenience after the Plaintiffs file a Motion for Pre-judgment Interest under R.C. 1343.03.  Finally, it is agreed between the parties that the determination as to whether or not the Plaintiffs should receive pre-judgment interest will be made on the same basis as if a verdict was rendered on the Plaintiffs' behalf in the amount of Two Hundred Thousand Dollars ($200,000.00) after a trial on

MURRAY & MURRAY CO., L. P A.
A LEGAL PROFESSIONAL ASSOCIATION
ATTORNEYS AT LAW
MURRAY BUILDING
300 CENTRAL AVENUE
SANDUSKY, OHIO 44870

the merits of all issues raised in the Plaintiffs' Complaint.

WHEREFORE, it is ORDERED, ADJUDGED and DECREED that a Judgment be and hereby is rendered on the behalf of Lucille Vanderhoof ·in the amount of One Hundred Thousand Dollars ($100,000.00) and on the behalf of James Vanderhoof in the amount of One Hundred Thousand Dollars ($100,000.00). The Defendant shall pay the costs of this action. The Court further notes the aforesaid judgment has been paid in full, except court costs, which have yet to be billed.

Judge James L. McCrystal

APPROVED BY:

Michael T. Murray
Attorney for Plaintiffs

M. L. McDermond
Attorney for Defendant

MURRAY & MURRAY CO., L.P.A.
A LEGAL PROFESSIONAL ASSOCIATION
ATTORNEYS AT LAW
MURRAY BUILDING
300 CENTRAL AVENUE
SANDUSKY, OHIO 44870