599 A.2d 1201

**Dorothy Virginia BROWN, et vir.**

**v.**

**MEDICAL MUTUAL LIABILITY INSURANCE SOCIETY OF MARYLAND.**

**No. 376, Sept. Term, 1991.**

Court of Special Appeals of Maryland.

Jan. 6, 1992.

Certiorari Denied April 24, 1992.

Gilbert H. Robinette (Henry E. Dugan, Jr. and Robinette, Dugan & Jakubowski, P.A., on the brief), Baltimore, for appellants.

Ronald U. Shaw (Jeffrey G. Cook and Miles & Stockbridge, on the brief), Towson, for appellee.

Argued before BISHOP, WENNER and MOTZ, JJ.

MOTZ, Judge.

This case involves the determination of the *date* from which post-judgment interest is to be awarded when the trial court's grant of judgment notwithstanding the verdict ("j.n.o.v.") is reversed on appeal.

### (i)

Appellants, Dorothy Virginia Brown and her husband, Rudolph S. Brown (collectively "the Browns") filed a medical malpractice action against Dr. Harinth S. Meda which was tried before a jury in the Circuit Court for Baltimore City.[1] On November 25, 1986, the jury awarded damages to the Browns in the amount of $600,000 against Dr. Meda; that same day the clerk entered the judgment: "11/25/86 Verdict: Judgment in favor of the plaintiff Dorothy V. Brown in the amount of $500,000 and plaintiff Rudolph S. Brown in the amount of $100,000." On January 20, 1987, the circuit court granted Dr. Meda's motion for j.n.o.v. On March 2, 1988, this court reversed the grant of j.n.o.v. and, on May 4, 1988, issued a mandate providing:

> Judgment notwithstanding the verdict reversed; judgment entered for appellants [the Browns] on the verdict of the jury; appellee to pay the costs.

---

1. The underlying facts of the medical malpractice claim are set forth in some detail in the two reported opinions dealing with reversal of judgment notwithstanding the verdict on that claim and so are not repeated here. *See Brown v. Meda,* 74 Md.App. 331, 537 A.2d 635 (1988), *aff'd, Meda v. Brown,* 318 Md. 418, 569 A.2d 202 (1990).

*Brown v. Meda,* 74 Md.App. 331, 346, 537 A.2d 635 (1988). Dr. Meda petitioned for certiorari which was granted. On February 7, 1990, the Court of Appeals affirmed, albeit, on somewhat different grounds. *Meda v. Brown,* 318 Md. 418, 569 A.2d 202 (1990).

On March 7, 1990, Dr. Meda paid the Browns the $600,000 judgment and post-judgment interest in the amount of $120,821.90. The latter amount represented post-judgment interest running from March 2, 1988, the date on which this court issued its opinion reversing the trial court's grant of j.n.o.v., to March 7, 1990, the date on which the judgment was paid.

On November 20, 1990, the Browns requested that the Circuit Court for Baltimore City issue a writ of garnishment on property of Dr. Meda's insurer, appellee Medical Mutual Liability Insurance Society of Maryland ("Medical Mutual"). The purpose of this writ was to collect additional post-judgment interest from the date of the jury verdict (and the judgment entered on that verdict), November 25, 1986, to the date of this Court's decision reversing the j.n.o.v., March 2, 1988. That amount, which is the only post-judgment interest at issue here, is stipulated to be $75,-821.92. The circuit court issued the writ but ultimately granted Medical Mutual's motion to quash the writ. On appeal, the Browns raise the single claim that, as successful plaintiffs in a case in which the trial court's grant of j.n.o.v. has been reversed on appeal, they are entitled to post-judgment interest from the date of entry of the original judgment on the verdict.

We agree and so reverse.

(ii)

There is, of course, a Maryland rule specifically dealing with imposition of post-judgment interest. That rule provides in its entirety:

> Post-judgment Interest.—A money judgment shall bear interest at the rate prescribed by law from the date of entry.

Md.Rule 2–604(b) (1991).

The question presented by this appeal is what is the "date of entry" for purpose of post-judgment interest when a jury verdict is obviated by a j.n.o.v., and that judgment is itself then reversed on appeal. Medical Mutual asserts that the "date of entry" is the date of the appellate court's opinion reversing the j.n.o.v.; the Browns maintain that it is the date of the entry of the original judgment on the verdict.[2] Although there is no Maryland holding directly on point, the history of Md.Rule 2–604(b) and judicial interpretation of its predecessor, supply the basis for the answer to this question.

Rule 2–604(b) was adopted in 1984; it replaced Maryland Rule 642 which provided as follows:

> A judgment by confession or by default shall be so entered as to carry interest from the time the judgment was rendered. A *judgment on verdict shall be so entered as to carry interest from the date on which verdict was rendered.* A judgment nisi entered by the court following a special verdict pursuant to Rule 560 (special verdict) or by the court without jury pursuant to Rule 564 (Trial by Court) shall be so entered as to carry interest from the date of entry of judgment nisi.

(emphasis supplied.) There is no suggestion in the Minutes of the Rules Committee that Rule 2–604(b) was intended to change the substantive law. Rather, those Minutes explain:

---

2. Actually, the Browns assert that they are entitled to post-judgment interest from "the date of the original verdict." Since in this case the date of the original verdict and the date of entry of judgment on that verdict are the same, *i.e.,* November 25, 1986, we need not determine if there is any right to post-judgment interest from the date of the original verdict, if that date is earlier than the date of entry of judgment on that verdict. *But see Cook v. Toney,* 245 Md. 42, 50, 224 A.2d 857 (1966).

Section (b) [of present Rule 2–604] is adopted from current Rule 642 and MDR 642, simplified by deletion of references to judgments nisi.

Minutes of Meeting of Standing Committee on Rules of Practice and Procedure of May 21–22, 1982 at p. 17. Thus, it seems clear that in the ordinary case when judgment is entered on a jury verdict, it is intended that the judgment will carry interest from the date on which the verdict is entered as a judgment, here November 25, 1986.

In *Cook v. Toney*, 245 Md. 42, 224 A.2d 857 (1966), the Court of Appeals construed the post-judgment interest rule, then Rule 642 set forth above, in a context relevant, but not identical, to that here. There, the case was tried four times. Cook obtained a jury verdict against Toney and Perry for $5,000 on March 29, 1960; judgment absolute was entered on April 2, 1960 against Perry. Toney moved for and obtained a new trial. The grant of the new trial was not appealed, let alone reversed on appeal. At the conclusion of the second trial the court granted a directed verdict for Toney. Then plaintiff Cook appealed; the Court of Appeals reversed and remanded for a new trial. At the third trial the jury rendered a verdict for defendant Toney; plaintiff Cook was then granted a new trial. At the fourth and final trial the jury rendered a verdict for plaintiff Cook and, on September 23, 1965, judgment absolute on that verdict was entered. Toney paid Cook $5,000 but refused to pay post-judgment interest; Cook claimed she was due post-judgment interest from April 2, 1960, the day on which judgment absolute was entered against Toney's co-defendant, Perry. On appeal, the Court of Appeals held that Rule 642 did not entitle Cook to interest from that date because:

> ... although the amount of damages was concluded by the judgment of April 2, 1960, against the concurrent tortfeasor [Perry], Toney's obligation to pay did not attach until a verdict was rendered against him on September 20, 1965, and the judgment absolute entered on that verdict on September 23, 1965. It was this verdict of September 20, from which interest would run pursuant to

the applicable provision of Maryland Rule 642 as indeed *this is the first and only verdict in legal contemplation against Toney.*

245 Md. at 51, 224 A.2d 857 (emphasis added) (citation omitted).

The *Cook* court also explained why interest could not run from the date of the original verdict of March 29, 1960 against Toney himself:

As the verdict of March 29, was *completely eliminated* by the granting of the new trial on April 22, 1960, that verdict against Toney obviously cannot be made the basis of a later judgment against Toney for any purpose whatever including the date from which interest would run. . . .

245 Md. at 50, 224 A.2d 857. Medical Mutual claims that this "passage makes clear that a court's granting of a new trial eviscerates the underlying verdict and any concommittant right to post-judgment interest." Moreover, it asserts that since the *Cook* court "stressed" that, when the motion for new trial was granted, it "wiped out any entitlement to interest from the original verdict," the "logical correlative, is that a judgment N.O.V. which is granted would necessarily have the same effect," *i.e.* wipe out entitlement of interest from the original verdict.

This argument fails in light of the very next passage in the *Cook* opinion. In it the *Cook* court contrasted the situation before it, in which a verdict "was completely eliminated" by the grant of a motion for new trial which was *not* reversed on appeal, with a case in which the motion for new trial was not granted *or was reversed on appeal:*

There is no doubt that if the motion of Toney for a new trial had been *overruled* or if the granting of a new trial had in the limited cases in which the granting of such a motion is appealable, been *reversed* by this Court on appeal, the plaintiff would have been entitled to interest from March 29, 1960, the date of the original verdict against Toney.

*Id.* (emphasis in original). Medical Mutual vehemently asserts that this is dicta and not even persuasive dicta here, because here the j.n.o.v. was granted. This distinction deliberately ignores a portion of the above-cited passage. The *Cook* court stated that a successful plaintiff would be entitled to post-judgment interest from "the date of the original verdict" if a motion for new trial was overruled *or* reversed on appeal. Here, the j.n.o.v. was, in fact, *reversed* on appeal, which means that the original jury verdict must be reinstated as if it had never been eliminated by the trial court. A reversal on appeal of a j.n.o.v. is, in effect, a finding that plaintiff's original judgment always existed. *Enghauser Mfg. v. Eriksson Engineering Ltd.,* 21 Ohio App.3d 121, 486 N.E.2d 1189, 1191–92 (1984). *See also Reimers v. Frank B. Connet Lumber Co.,* 273 S.W.2d 348, 349 (Mo.1954); *Decker v. Glasscock Trucking Service, Inc.,* 403 S.W.2d 275, 276 (Ky.Ct.App.1966); 45 Am.Jur.2d *Interest and Usury* § 106 (1969).

Moreover, as specifically provided in Rule 2–532(f)(1)(A), when reversing the j.n.o.v. we directed that judgment be entered "on the original verdict." Thus, here, "the first and only verdict in legal contemplation" was the verdict of November 25, 1986 which was entered as a judgment on that date. *Compare Cook,* 245 Md. at 51, 224 A.2d 857. It is thus appropriate that post-judgment interest run from that date.

### (iii)

Neither waiver nor the law of the case requires a different result. Medical Mutual makes the somewhat contradictory arguments that: (1) the appellate courts in the earlier appeals on the merits of this case have denied the Browns' request for the post-judgment interest and so the "law of the case" bars their present claim; and (2) the Browns have "repeatedly waived any claim to post-judgment interest."

In fact, in their earlier appellate brief in this court, the Browns expressly requested that:

The judgment N.O.V. should be reversed and the judgment in the amount of $600,000 reinstated, with interest from November 25, 1986.

Similarly, in the Court of Appeals, the Browns stated that:
The Court of Special Appeals should have reversed the judgment notwithstanding the verdict in the amount of $600,000 with interest from November 25, 1986 on the above grounds independently of the grounds upon which it took that action. Accordingly, this Honorable Court should affirm the action of the Court of Special Appeals in entering judgment on the original verdict of the jury.

In response to these requests, we mandated that the j.n.o.v. be reversed and "judgment entered for appellants [the Browns] on the verdict of the jury." The Court of Appeals affirmed.

There is nothing in either appellate opinion which indicates that either court *rejected* the Browns' request for post-judgment interest from November 25, 1986. True, neither court expressly directed that interest run from that date. In light of what we believe to be the proper construction of Rule 2–604(b), which is outlined above, however, there was no need for such a direction. Rather, simply mandating that judgment be entered "on the verdict of the jury," was sufficient to trigger the award of post-judgment interest from that date.

Prior Maryland practice is not to the contrary.[3] A review of those cases in which appellate courts have reversed a trial court's grant of j.n.o.v. demonstrates this, although in some cases the appellate court has expressly directed that interest run from date of judgment of the original jury verdict. *See Fennell v. G.A.C. Fin. Corp.,* 242 Md. 209, 230, 218 A.2d 492 (1965); *Battista v. Sav. Bank of Balti-*

---

3. Nor is out-of-state case law. *See, e.g., Bell v. Westinghouse Elec. Corp.,* 507 A.2d 548 (D.C.App.1986) (interest awarded from date of original judgment even though original mandate does not mention interest); *Commissioners of Lincoln Park v. Schmidt,* 379 Ill. 130, 39 N.E.2d 1012 (1942) (same); *Noel's Adm'x v. Black's Adm'r,* 244 Ky. 655, 51 S.W.2d 955 (Ct.App.1932) (same).

*more,* 67 Md.App. 257, 275, 507 A.2d 203 (1986). More frequently there is no such direction. *See, e.g., Moran v. Faberge, Inc.,* 273 Md. 538, 555, 332 A.2d 11 (1975); *Wolfe Bros. Inc. v. Frederick Co. Nat'l. Bank,* 78 Md.App. 119, 126, 552 A.2d 932, *cert. denied,* 316 Md. 364, 558 A.2d 1206 (1989); *Campbell v. Montgomery County Bd. of Ed.,* 73 Md.App. 54, 67–68, 533 A.2d 9, *cert. denied,* 311 Md. 719, 537 A.2d 273 (1987); *Keane v. Carolina Freight Carriers Corp.,* 70 Md.App. 298, 306, 520 A.2d 1142 (1987), *aff'd,* 311 Md. 335, 534 A.2d 1337 (1988); *Utica Mut. v. Gaithersburg Washington Grove Fire Dept.,* 53 Md.App. 589, 603, 455 A.2d 987 (1983); *Murry v. Lane,* 51 Md.App. 597, 605, 444 A.2d 1069 (1982); *Ramsey v. Physician's Mem. Hosp.,* 36 Md.App. 42, 51, 373 A.2d 26 (1977); *Reaver v. Barlly,* 28 Md.App. 614, 622, 346 A.2d 697 (1975). (Interestingly, in no case which has been cited to us, or which we have uncovered through independent research, has a Maryland appellate court adopted Medical Mutual's position and provided by mandate that interest in such a situation run *only* from the date of the appellate court's opinion.) Furthermore, when *affirming* a jury verdict, we very rarely specifically mandate the award of interest from the date of the imposition of judgment of the verdict, although no one would deny the right of post-judgment interest from that date.

Thus, rather than *denying* the Browns' request for post-judgment interest, our mandate can more fairly be read as granting it, albeit *sub silentio.* Indeed, the Browns' actions indicate that they interpreted our mandate in precisely this way. First, in their request for relief in the Court of Appeals they asked that court to affirm on different grounds, indicating "the Court of Special Appeals should have reversed the judgment notwithstanding the verdict in the amount of $600,000 *with interest from November 25, 1986 on the above grounds independently of the grounds upon which it took that action*" (emphasis added). Secondly, on remand in the circuit court the Browns sought to execute on what they perceived to be part of the judgment

in this case, *i.e.,* post-judgment interest from November 25, 1986.

In light of the fact that on direct appeal the Browns requested and we, *sub silentio,* granted their request for post-judgment interest from November 25, 1986, there is no law of the case or waiver which bars their right to that interest now.

#### (iv)

█ Finally, contrary to Medical Mutual's assertions, neither the equities nor out-of-state case law require a different result here. There is an abundance of federal case law in this area. It is, however, of marginal relevance because it interprets a federal rule somewhat different than Md. Rule 2–602.

Both a federal statute and a federal rule govern the award of post-judgment interest in federal courts. The statute provides in pertinent part:

> Interest shall be allowed on any money judgment in a civil case recovered in a district court ... Such interest shall be calculated from the date of the entry of the judgment.

28 U.S.C. § 1961(a) (1991 Supp.).

In *Briggs v. Pennsylvania R.R. Co.,* 334 U.S. 304, 68 S.Ct. 1039, 92 L.Ed. 1403 (1948), the Supreme Court interpreted this statute to hold that if an appellate court, in reversing a j.n.o.v., failed to direct the award of post-judgment interest from the date of the original jury verdict, the federal district court on remand could not do this. In response to the *Briggs* decision, Federal Rule of Appellate Procedure 37 was adopted which provides in pertinent part:

> If a judgment is modified or reversed with a direction that judgment for money be entered in the district court, the mandate shall contain instructions with respect to allowance of interest.

Fed.R.App. 37 (1989). Medical Mutual, for two arguments, heavily relies on cases and commentators interpreting this federal rule.

First, Medical Mutual asserts that the "leading commentators" and "well-developed federal case law" require the conclusion that, if in reversing a j.n.o.v. an appellate court does not provide for post-judgment interest in its mandate, interest will run from the date of entry of the appellate court judgment. *See, e.g.,* 16 C. Wright, A. Miller, E. Cooper, & E. Gressman, *Federal Practice & Procedure* § 3983, at 463 (1977) ("If the mandate of the court of appeals says nothing about interest, despite the command of Rule 37, it will be assumed that interest commences from the date of the entry of the appellate court judgment"). This well may be an appropriate interpretation of Fed. R.App.P. 37; it has no relevance to Rule 2–604(b) which contains no similar requirement that "the mandate shall contain instructions with respect to allowance of interest."

█ Medical Mutual's reliance on the "equitable approach" taken in some of the federal cases is also misplaced. The federal circuits are deeply divided regarding the proper application of 28 U.S.C. § 1961. *See Chattem, Inc. v. Bailey,* 486 U.S. 1059, 108 S.Ct. 2831, 100 L.Ed.2d 931 (1988) (White, J., dissenting from denial of certiorari, explains the split of authority). Some hold that post-judgment interest is to be calculated from the date of the appellate mandate. *See, e.g., Ashland Oil, Inc. v. Phillips Petroleum Co.,* 607 F.2d 335, 366 (10th Cir.1979), *cert. denied,* 446 U.S. 936, 100 S.Ct. 2153, 64 L.Ed.2d 788 (1980); *Harris v. Chicago Great W. Ry. Co.,* 197 F.2d 829, 836 (7th Cir.1952). Some hold that interest runs from the date of the initial judgment. *See, e.g., Buck v. Barton,* 768 F.2d 285, 287 (8th Cir.1985); *Turner v. Japan Lines, Ltd.,* 702 F.2d 752, 755–57 (9th Cir.1983). Some have adopted a middle ground holding that a court's determination of when post-judgment interest should begin to accrue is decided by equitable considerations, *i.e.,* whether the purposes served by post-judgment interest would be served by its imposition

from the date of the original judgment. *See, e.g., Clifford v. M/V Islander*, 882 F.2d 12 (1st Cir.1989); *Smith v. Nat'l R.R. Passenger Corp.*, 856 F.2d 467 (2d Cir.1988); *Bailey v. Chattem, Inc.*, 838 F.2d 149 (6th Cir.), *cert. denied*, 486 U.S. 1059, 108 S.Ct. 2831, 100 L.Ed.2d 931 (1988); *Affiliated Capital Corp. v. City of Houston*, 793 F.2d 706 (5th Cir. 1986). If we refuse to adopt an absolute rule providing that in every case interest is to run from the date of the appellate mandate, Medical Mutual urges us to follow the approach taken in the last group of cases and hold that, here, equity prevents the award of the post-judgment interest sought by the Browns.

There is no room for an equitable approach under Maryland law. As explained above, the language, history, and interpretation of Maryland Rule 2–604(b) and its predecessors require that here, post-judgment interest be awarded from the date of entry of judgment on the original verdict. Moreover, Maryland law on this subject is entirely in accord with the equities governing the award of post-judgment interest. Thus, Medical Mutual's argument that because this case, on the merits, presented difficult legal issues that took years for appellate resolution, requiring post-judgment interest from the date of the original judgment on the verdict "furthers no legitimate judicial interest," is simply wrong. This argument ignores the principal purpose of post-judgment interest, *i.e.*, to compensate a successful plaintiff for the "loss of monies represented by a judgment in its favor, and the loss of income thereon, between the time of entry of judgment ... and the satisfaction of judgment by payment." *I.W. Berman Properties v. Porter Bros., Inc.*, 276 Md. 1, 24, 344 A.2d 65 (1975). The holding explained herein is completely consistent with that purpose. *See Hodgson v. Phippin*, 159 Md. 97, 101, 150 A. 118 (1930) ("a litigant should not be penalized [by denial of post-judgment interest] for delay from motions made in honest

assertions of what he conceives to be his right").[4]

JUDGMENT REVERSED. COSTS TO BE PAID BY APPELLEE.

---

**4.** Medical Mutual suggests in its brief, but did not press at oral argument, the claim that this appeal should be dismissed because the Browns did not originally caption it correctly. Md.Rule 2–645(g) provides that: "If a timely reply is filed to the answer of the garnishee, the matter shall proceed as if it were an original action between the judgment creditor as plaintiff and the garnishee as defendant and shall be governed by the rules applicable to civil actions." Thus, here, after the Browns filed their reply, the matter should have proceeded as if it were an original action between them and the garnishee, Medical Mutual. The Browns noted an appeal of the grant of the "Defendant/garnishee's Motion to Quash the Writ of Garnishment"; however, they captioned the notice of appeal in the same way in which the case had been captioned since its outset, *i.e., Brown v. Meda.* This error was promptly corrected at the direction of the Clerk of this Court and, since Meda and the Browns are, and have been throughout these proceedings, represented by the same counsel, this incorrect caption did not prejudice the appellee in any way. *Compare, McSwain v. Tri–State Transp.,* 301 Md. 363, 483 A.2d 43 (1984). Accordingly, it provides no ground for the dismissal of the appeal. Indeed, Medical Mutual's suggestion that it does is somewhat graceless, in light of the fact that its counsel filed a "surreply" to the Browns' reply in the circuit court on behalf of *Dr. Meda* only and captioned the case *Brown v. Meda.*