OPINION
This is an accelerated appeal from the Portage County Court of Common Pleas. Appellant, Thomas Leighton, appeals from a judgment entry overruling his motion for prejudgment interest.
This dispute arose as a result of a personal injury action filed by appellant against appellee, L.J. Lewis Enterprises, Inc., d.b.a. Action Emergency Ambulance Services ("L.J. Lewis") and several other defendants who are not parties to this appeal. Appellant had claimed that his injury resulted from negligent care administered by L.J. Lewis' employees after appellant had been involved in a motorcycle racing accident.
On February 26, 1997, shortly before appellant's personal injury action was scheduled for trial, the trial court filed the following judgment entry:
 "This matter came before the court for a pre-trial conference on November 15, 1996. * * *
 "Based upon the agreement of the parties, it is THEREFORE ORDERED, ADJUDGED AND DECREED that judgment is hereby rendered in favor of Thomas Leighton and against L.J. Lewis Enterprises, Inc. dba Action Emergency Ambulance Services in the sum of Three Million Dollars ($3,000,000), plus interest at 10% per annum from November 15, 1996, with costs to the Defendants.
 "The parties further agree that Defendant L.J. Lewis receive an immediate credit of One Million Dollars on this judgment amount and the judgment is subject to a covenant not to execute which is attached for reference." (Emphasis added.)
On March 3, 1997, appellant filed a motion for prejudgment interest against L.J. Lewis, and appellees, American Economy Insurance Company ("American Economy") and American States Insurance Company ("American States"), on the basis that they failed to make a good faith effort to settle the case. Shortly thereafter, American Economy and American States moved to intervene for purposes of the prejudgment interest motion.[1]
On April 2, 1997, the trial court overruled both appellant's motion for prejudgment interest and the motion to intervene. Appellant filed a timely notice of appeal and asserts the following single assignment of error:
 "The trial court erred as a matter of law in denying [appellant's] motion for prejudgment interest from [appellee] L.J. Lewis Enterprises, Inc. and its insurers, American States Insurance Company and American Economy Insurance Company, who were real parties in interest in the underlying litigation and who moved to intervene in the underlying litigation with regard to the motion for prejudgment interest."
As a preliminary matter, we note that the parties have attached numerous appendices to the briefs. Loc.App.R. 12(B)(1) strongly discourages the use of appendices, except as stated in App.R. 16(E) and S.Ct.R.Rep.Op. 2(G)(3). We caution the parties that failure to comply with this rule may result in the striking of a nonconforming brief, and/or in the dismissal of the appeal. Loc.App.R. 12(E).
Appellant's primary argument is that the trial court erred by overruling his motion for prejudgment interest. For the reasons that follow, this contention is not well- founded. R.C.1343.03(C) states:
 "Interest on a judgment, decree, or order for the payment of money rendered in a civil action based on tortious conduct and not settled by agreement of the parties, shall be computed from the date the cause of action accrued to the date on which the money is paid, if, upon motion of any party to the action, the court determines at a hearing held subsequent to the verdict or decision in the action that the party required to pay the money failed to make a good faith effort to settle the case and that the party to whom the money is to be paid did not fail to make a good faith effort to settle the case." (Emphasis added.)[2]
Thus, the four prerequisites for an award of prejudgment interest under R.C. 1343.03(C)(1) are: (1) a judgment, order or decree rendered in a civil action based on tortious conduct; (2) the parties failed to settle the case; (3) the party required to pay money failed to made a good faith effort to settle the case; and (4) the party to whom the money was to be paid did not fail to make a good faith effort to settle the case. The burden of proof of these elements rests upon the party seeking prejudgment interest. Moskovitz v. Mt. Sinai Med. Ctr. (1994), 69 Ohio St.3d 638,659.
One of the considerations underlying R.C. 1343.03(C) is "to encourage good faith efforts to settle controversies outside a trial setting." Kalain v. Smith (1986), 25 Ohio St.3d 157, 159; see, also, Vanderhoof v. Gen. Acc. Ins. Group (1987), 39 Ohio App.3d 91,93.
In the present case, the judgment entry unequivocally states that the parties agreed to settle the case. Consequently, an award of prejudgment interest is entirely inappropriate pursuant to the express terms of R.C. 1343.03(C) and its basic rationale.[3] See Davidson v. Bucklew (1992), 90 Ohio App.3d 328,333; Roen v. State Farm Mut. Ins. Co. (Feb. 10, 1989), Portage App. No. 1988, at 8-9. Accordingly, the trial court properly overruled appellant's motion for prejudgment interest because the parties settled the dispute.
Additionally, we note that appellant's motion for prejudgment interest against American Economy and American States is without merit because they were not parties required to pay money who failed to make a good faith effort to settle the case. See R.C.1343.03(C). In the instant matter, our research reveals that the Fifth District Court of Appeals has affirmed the judgment of the Stark County Court of Common Pleas, finding that appellant's injuries were not covered by policies issued by American States and American Economy. Leighton v. Am. Economy Ins. Co. (Nov. 10, 1997), Stark App. No. 1997CA0197, unreported, 1997 Ohio App. LEXIS 5361. Thus, since American States and American Economy were not parties required to pay money, appellant could not assert a motion for prejudgment interest against them. Accordingly, appellant's assignment of error is not well-taken.[4]
For the foregoing reasons, appellant's assignment of error is without merit. The judgment of the Portage County Court of Common Pleas is affirmed.
DONALD R. FORD, PRESIDING JUDGE.
CHRISTLEY, J., and O'NEILL, J., concur.
[1] Although not supported by appropriate evidence in the record, it appears that American Economy and American States were insurers of L.J. Lewis.
[2] The recently amended version of R.C. 1343.03 applies only to those actions filed after January 27, 1997, the effective date of the amendments. Since this action was originally filed on January 4, 1994, the former R.C. 1343.03, as quoted above, applies.
[3] Since this conclusion is based upon the express language of the statute, we need not reach the issue analyzed in Vanderhoof and Woods v. FarmersIns. of Columbus, Inc. (1995), 106 Ohio App.3d 389,394-395, of whether a "`judgment, decree, or order * * *'" pursuant to R.C. 1343.03(C) requires a factfinder's determination of the amount of damages.
[4] Prejudgment interest is not appropriate when the parties have settled the dispute; therefore, this issue could not have been properly preserved in the settlement entry for further determination.
Furthermore, although we need not reach the issue, we agree with the proposition that an insurer need not be a party to a tort action to be required to pay prejudgment interest. Fairchild v.Curtis (May 16, 1996), Guernsey App. Nos. 95 CA 16, 95 CA 17, 95 CA 23, unreported, at 4, 1996 WL 363549. We acknowledge, however, that in a different factual scenario, a plurality of the Supreme Court of Ohio has held:
"[W]here an insured exercises a contract right to preclude an insurer from entering settlement negotiations, where the contract of insurance contains neither an express provision of coverage nor an express exclusion of coverage for a prejudgment interest award, and where the trial court finds a failure to exercise good faith under R.C.1343.03(C), no coverage for a prejudgment interest award shall be implied under the contract." Lovewell v.Physicians Ins. Co. of Ohio (1997), 79 Ohio St.3d 143, 148.